ALBERT G. MAXCY, plaintiff in error, v. JOHN CLABAUGH, defendant in error.

*Error to Clinton.*

A deed to the purchaser of land sold for taxes must show, that the land was sold for the taxes of a particular year. If it is ambiguous in this respect, it cannot be explained by parol testimony.

It is the duty of the proper officer to execute and deliver a good and perfect deed to the purchaser for the land purchased. If he fails, or neglects to perform this duty, he can be compelled to perform by a writ of *mandamus;* and so, also, would his successor in office, who has the same means of making a correction. What a Court will compel an officer to do by virtue of this writ, he may be permitted to do voluntarily.

A. purchased a quarter section of land at a tax sale, March 3, 1834. The deed executed therefor by the clerk of the Commissioners' Court set forth, that the land was exposed to sale "for the taxes, interest and costs due thereon for the year A. D. 1834," and that A. had paid a specified sum, " the said sum being in full of the taxes, interest and costs due thereon for the year 1833," &c. *Held,* that the deed was properly rejected in the Court below, by reason of the ambiguity apparent on its face.

A deed, made by the successor of the clerk of the County Commissioners' Court to correct a mistake in a conveyance by his predecessor, which set forth that the records and papers on file in his office showed the mistake, and that the subsequent deed was made for the purpose of correcting such error, was held properly admissible in evidence. Such deed, however, is only *prima facia* evidence of the truth of the correction, and is liable to be rebutted by the evidence on file, if untrue.

DEBT under the statute for cutting timber. This cause was heard before the Hon. Sidney Breese, and a jury, at the June term of the Clinton Circuit Court, 1842. Verdict for the defendant, and judgment rendered thereon, with costs against the plaintiff. The evidence offered at the trial appears in the Opinion of the Court.

*B. Bond,* and *J. Gillespie,* for the plaintiff in error, cited *Jackson v. Myers,* 3 Johns. 394; *Same v. Clark,* 7 do. 223; *Same v. Blodgett,* 16 do. 178; *Same v. Loomis,* 18 do. 846; *Same v. Moore,* 9 Cowen, 717; *Conolly v. Vernon,* 5 East, 80.

*L. Trumbull,* for the defendant in error, contended that the clerk of the County Commissioners' Court had no authority to correct the mistake. Application should have been made to a court of equity, by making all persons parties who are interested.

*Gillespie,* in reply. There is no occasion for resorting to a court of equity to correct the mistake. The parties are willing to correct it. The deed itself is correct, and its meaning evident.

The Opinion of the Court was delivered by

SHIELDS, J. This was an action of *debt* under the statute for cutting timber on the North East quarter of section thirty six (36), in township two (2) North, of Range three (3) West of the third principal meridian, lying in the county of Clinton. The action was commenced at the June term of the Circuit Court of said county, A. D. 1842, by Albert G. Maxcy against John Clabaugh. The declaration contained two counts in the usual form. Defendant filed the general issue.

On the trial, the plaintiff offered in evidence, as proof of his title to said tract of land, a certificate of the Register of the Land Office in Edwardsville, of the entry of said tract of land by J. Armstrong and Jesse Embree, which was received by the Court. Also, a tax deed executed by John S. Carrigan, clerk of the County Commissioners' Court of Clinton county, and dated March 8, 1838, which recited as follows, to wit:

"Whereas I did on the 3d day of March 1834, at the court house in the town of Carlisle in conformity with all the requisitions of the several acts in such cases made and provided, expose to public sale certain tracts of land, being the N. E. qr. of section No. 36 in T. 2 N. of R. 3 West of the 3d pr. Mer.; also, the S. E. qr of section No. 36, Town. 2 N. of R. 3 West of 3d pr. Mer. for the sum of two dollars and sixty nine cents each for the taxes, interest and costs due thereon for the year 1834, and whereas, at the time aforesaid, Albert G. Maxcy offered to pay the aforesaid sum of money for the whole of

said tracts of land, which was the least number of acres bid for, and the said Albert G. Maxcy has paid the sum of two dollars and sixty nine cents on each of said tracts, and the said sum being in full of the taxes, interest and costs due thereon for the year 1833; I have granted, bargained, sold," &c.

This deed was acknowledged on the 22d day of Oct. 1841, and recorded on the 15th day of Dec. 1838. The defendant objected to the admission of the deed in evidence, and the objection was sustained by the Court. To this decision of the Court the plaintiff excepted.

The plaintiff next offered in evidence an amended deed executed by Parmenius Bond, Clerk of the County Commissioners' Court of the said county of Clinton, and successor of the said Carrigan. The deed, which is dated on the 10th day of November, 1841, recites that his predecessor, in the deed aforesaid, had made a mistake in stating that the lands were sold for the taxes of 1834; that the records and papers on file in his office showed that the lands included in said deed were sold to said Maxcy for the taxes, interest and cost of 1833; and that he, being desirous of rectifying said mistake, proceeded to certify the same, and to make a corrected deed, which deed is in due form of law. This last deed was also acknowledged and recorded. This deed was also objected to by the defendant, and the objection sustained by the Court. The defendant, at the time, excepted to the same.

The plaintiff also offered an amended deed by Carrigan, former clerk, which was also objected to, and the objection sustained, and excepted to. The plaintiff then offered to produce John S. Carrigan, as a witness, to prove the mistake. The proof was objected to, and the objection sustained by the Court, and excepted to. These various decisions of the Court below are now assigned for error in this Court.

The first deed was properly rejected by the Court. It was utterly impossible to determine from the face of it, whether the lands were sold for the taxes of 1833, or of 1834. This is an ambiguity which cannot be explained by parol testi-

mony. The deed must show, that the land was sold for the taxes of a particular year. In this way, the defendant will have it in his power to show, that the taxes for that particular year were paid, in order to defeat the deed. The admission of the deed would restrict him in the exercise of this right. The deed was, therefore, properly rejected.

The next point is of more importance. This questions the power of the successor of the clerk of a County Commissioners' Court to correct a mistake of his predecessor according to the files of his office. It is manifestly the duty of the clerk in such a case to execute and deliver a good and perfect deed to the purchaser for the land purchased. If he he fails, or neglects to perform the duty, he can be compelled to do so by a writ of *mandamus.* The successor in this case, being in possession of the same files, and thus having the same means to make the correction which his predecessor had, may be likewise compelled by writ of *mandamus* to make a similar correction. It seems to us, that what a Court will compel an officer to do by virtue of a writ of *mandamus,* he may be permitted to do voluntarily. This cannot operate injuriously to the party against whom such deed is offered. It is only *prima facie* evidence of the truth of the correction, and can be easily rebutted by the evidence on file, if untrue. The deed of Parmenius Bond was admissible in evidence. The Court, therefore, erred in rejecting it.

The judgment below is, therefore, reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*