JOHN W. FERGUSON, plaintiff in error, v. JESSE MILES, defendant in error.

*Error to Peoria.*

After the expiration of a rule to plead in an action of ejectment, the Circuit Court may, in its discretion, grant an application for leave to plead, and its decision cannot be assigned as error.

To render a conveyance operative, a delivery to the grantee is essential, though, in many cases, where the deed is supposed to be for the benefit of the grantee, the law will, in the absence of proof to the contrary, presume his assent to the delivery to a stranger.

It is a general rule, that a party will not be allowed to give parol evidence of the contents of a paper in the possession of his adversary, unless he has given him or his counsel reasonable notice to produce it on the trial. But if a deed has been recorded, a transcript may be introduced, the party swearing that the original was not in his custody, and was beyond his control; or if a party has voluntarily exhibited his deed in evidence, the instrument is under the control of the Court, and no notice is required to produce it.

The law is well settled, that for the advancement of a right and the furtherance of justice, and where the rights of third persons are not to be injuriously affected, a deed will have relation to and take effect from the time the grantee was entitled to receive it.

In an action of *ejectment* instituted by the purchaser at a sheriff's sale against the defendant in the execution, the defendant cannot controvert the title. The plaintiff is only required to produce the judgment, execution and sheriff's deed. The tenant who goes into possession subsequent to the sale is in no better situation, is estopped from denying the title of his landlord, and, consequently, the title acquired under the judgment. · But if the tenant went into possession before the lien accrued, then the plaintiff, to eject him, must show that the tenancy has expired. It is only when the action is brought against a stranger, that the plaintiff must prove that the judgment debtor had actual possession of the premises, or title thereto, at the rendition of the judgment, or date of the levy.

EJECTMENT in the Peoria Circuit Court, brought by the plaintiff in error against the defendant in error, and heard before the Hon. John D. Caton and a jury, at the October term 1846. Verdict and judgment for the defendant below.

The evidence submitted to the jury is substantially set forth in the Opinion of the Court.

*E. N. Powell,* for the plaintiff in error.

1. In an action of ejectment by a person claiming under a judgment and sheriff's deed, if the suit be against the judg-

ment debtor, he need only show the judgment, execution and sheriff's deed. But if the suit be against a person claiming under the judgment debtor, he must, in addition, show that the defendant came into possession under the judgment debtor subsequent to the judgment. Adams on Eject. 301, and n. 1. And if the property be in the adverse possession of a third person, then he must show a title in the judgment debtor. Ib.

2. The declarations of one in possession of land, as to the nature of his title, are evidence against him. 4 Cowen, 587; *Thompson* v. *Robertson*, 4 Johns. 230, and note.

3. The instruction asked for by the plaintiff, and refused to be given by the Court, should have been given, the proof being clear that the defendant came into the possession under Morton, as his tenant. No other title need be proved.

4. There being no affidavit, or any excuse shown by the defendant for not complying with the rule to plead, the Court erred in permitting the defendant to file his plea. *Kelly* v. *Inman*, 3 Scam. 28.

5. The Court erred in excluding the tax deed of May 11th, 1843, as the Court assumed the power of judging of a fact which belonged to the jury alone. This deed was properly before the jury, and it was for the jury to determine from the evidence, under the instruction of the Court, whether it was void or not.

6. The title of Morton to the premises in question was a vested title when the time for redemption had expired, which was before the rendition of the judgment against him in favor of Hill. And a deed of a sheriff for lands sold on execution, although made long after the time when the purchaser was entitled to a deed, will relate back to the time when the purchaser might have demanded his deed. *Jackson* v. *McMichael*, 3 Cowen, 75; *Jackson* v. *Bull*, 1 Johns. Cases, 81, 85; 3 Caines, 262; *Jackson* v. *Bard*, 4 Johns. 234; *Heath* v. *Ross*, 12 Johns. 140; 15 do. 309; *Jackson* v. *Dickenson*, 20 Johns. 3; 2 Wend. 404; *Klock* v. *Cronkhite*, 1 Hill's (N. Y.) R. 107; *Scribner* v. *Lockwood*, 9 Ohio, 184; *Boyd's Lessee* v. *Longworth*, 11 Ohio, 235.

The plaintiff, therefore, having laid the proper foundation for the introduction of said deed, by showing the judgment and precept, the Court most manifestly erred in excluding as evidence the said deed, dated June 21st, 1844, when offered as evidence by the plaintiff.

7. The revenue laws have placed the judgment against lands, and all the proceedings under it, precisely on the same footing as any other judgment. Consequently, the same doctrine of relation of a sheriff's deed would be the same under a sale of a tax judgment as under a sale of any other. This Court, in several cases, have so construed these laws. *Hinman* v. *Pope,* 1 Gilman, 131; *Bestor* v. *Powell,* 2 do. 119; *Atkins* v. *Hinman,* Ib. 437.

8. There can be no difference between the two kinds of sale and the rights of the purchasers. The time for redemption having expired on the 29th of April, 1843, which was before the rendition of the judgment in favor of Hill *v.* Morton, the deed then to Morton, of June 21st, 1844, related back to the time when redemption expired, and Morton's title dates from the time when he might have demanded his deed; consequently, the sale made by the sheriff under the execution issued upon the Hill judgment sold the interest of Morton. But if sheriffs' deeds do not relate back, then the deed to plaintiff from the sheriff, by virtue of the sale under the Hill judgment, is executed subsequent to the tax deed to Morton, and consequently it conveys to the plaintiff all the title Morton had at the time of the execution of the deed. This Court, then, to maintain the decision of the Court below must decide that one class of sheriffs' deeds relate back and another does not.

9. The title of Morton to the premises in question became vested when the time for redemption had expired; all that then remained to be done to perfect it was to make out the mere technical evidence of that right which he had acquired by operation of law. *Jackson* v. *Bull,* 1 Johns. Cases 31. The deed of the sheriff for lands sold for taxes does not give to the purchaser the right to the land; it only gives the evidence of that right, which he obtained by operation of

law. Ibid. 81–85; 12 Johns. 140. But the right to the land in such cases is conferred by the statute, and the deed of the sheriff only gives the technical consummation or evidence of the grant made by the statute. 15 Johns. 309. The grant, therefore, to the purchaser being complete when the time for redemption had expired, the sheriff was empowered by the law, to furnish to the purchaser the evidence of that grant, and it matters not when he performs this duty, as it in no manner affects the purchaser's right. *Atkins* v. *Hinman*, 2 Gilm. 437.

*C. Ballance*, for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.* This was an action of *ejectment* commenced in the Peoria Circuit Court by John H. Ferguson against Jesse Miles, to recover the possession of the South West quarter of section twenty (20), in township nine (9) north of range eight (8) east. The plaintiff filed his declaration at the October term 1845, and obtained a rule on the defendant to plead within twenty days. At the May term 1846, and before a judgment by default was entered, the Court gave the defendant leave to file the plea of not guilty.

At the October term 1846, the cause was submitted to a jury for trial. The plaintiff, to sustain the issue on his part, read in evidence the record of a judgment rendered in the Peoria Circuit Court, on the 9th of June, 1843, in favor of David B. Hill and against George Morton for $714·46. Also, an execution issued thereon on the 7th of July, 1843, on which the sheriff of Peoria county made return, that he sold the premises in question to Hill on the 8th of August, 1843, for $533·34. Also, a deed from the sheriff to the plaintiff, as the assignee of Hill, for the premises, dated the 11th of November, 1844. Also, a lease from Morton to the defendant for the premises, bearing date the 11th of January, 1845.

* WILSON, C. J. did not sit in this case.

He then proved by the sheriff that the defendant was in possession of the premises at the time of the service of the declaration; and by another witness, an admission of the defendant that he held the premises as the tenant of Morton. He next read in evidence the record of a judgment of the Peoria Circuit Court, rendered on the 15th of April, 1841, in favor of the State of Illinois, against the premises for the amount of the taxes due thereon for the year 1840. Also, a precept issued thereon on the 24th of April, 1841, on which the sheriff returned that he had made sale of the premises and referred to the register of sales kept by the clerk of the County Commissioners' Court for the particulars thereof. Also, the register of sales, showing that the whole of the premises were sold to Morton on the 29th of April, 1841. Also, a deed dated the 11th of May, 1843, from the sheriff to Morton for the premises. The plaintiff here rested his case. The defendant then proved by the sheriff, that the deed of the 11th of May, 1843, was made at the instance of Hill and delivered to him, without the surrender of the certificate of purchase; and that he afterwards received the certificate and made another deed to Morton. He also proved, that the premises were vacant at the time of the sale to Hill, and the date of the deed to the plaintiff. He further proved that Morton had been a non-resident of the State for several years; that the agent of Morton purchased the premises at the tax sale, and kept the certificate of purchase until the 20th of June, 1844, when he surrendered it to the sheriff and received from him a deed of that date to Morton for the premises. The defendant then produced this deed and offered to read it in evidence, for the purpose of showing an outstanding title in Morton, to the reading of which the plaintiff objected. The Court thereupon excluded the deed of the 11th May, 1843, and the plaintiff excepted. The plaintiff then offered to read in evidence the deed exhibited by the defendant, to the reading of which the defendant objected, because it was in his possession and the plaintiff had given no notice to produce it,

and because it was executed after the title of Hill accrued, which objection was sustained by the Court and an exception taken by the plaintiff. This was all of the testimony.

The plaintiff then asked the Court to instruct the jury, "that to entitle the plaintiff to recover, he had only to show a judgment, execution and sheriff's deed for the premises in question, and to prove that the defendant was in possession under Morton, the judgment debtor, claiming to hold under him as his tenant." The Court refused to give the instruction, but instructed the jury, "that it was incumbent on the plaintiff in addition to showing the judgment, execution and sheriff's deed, and the proof of the tenancy of the defendant under the judgment debtor, to prove that at the time of the sale of the premises in question, that Morton was in the actual possession of the premises by himself, or by his tenant, or had title." The plaintiff excepted to the decision of the Court in refusing to give the instruction as called for, and in giving it as qualified. The jury returned a verdict of not guilty, and the defendant had judgment thereon.

Ferguson prosecutes a writ of error. He insists that the Court erred in permitting the defendant to plead to the declaration after the expiration of the rule. That decision cannot be revised here. The application for leave to plead was addressed to the sound discretion of the Court. A motion of that character rests on the same principle as an application to set aside a default, the granting or refusing of which, this Court has uniformly held cannot be assigned for error. The case of *Kelley* v. *Inman*, 3 Scam. 28, was not intended to establish a different rule. It is contended that the Court improperly excluded the deed of the 11th of May, 1843. We perceive no error in that decision. To render a conveyance operative, something more is requisite than the signing and sealing. A delivery to the grantee is essential to its validity. The evidence showed that the deed was never accepted by Morton, or any one authorized to act for him; and a ratification of the delivery to Hill did not appear from the subsequent conduct of Morton. In many cases where the deed is supposed to be beneficial to the grantee, the

law will, in the absence of proof to the contrary, presume his assent to the delivery to a stranger; but such a presumption is effectually repelled by the circumstances of this case. The evidence of his right to demand a deed remained in the hands of his agent, who subsequently surrendered it to the sheriff, and accepted a deed of a later date. The deed in question was procured by Hill in his own wrong, and without the assent of Morton, and was invalid for the want of a delivery.

It is also insisted that the Court erred in rejecting the deed of the 21st of May, 1844. The decision was erroneous. The deed was the evidence of a consummation of the title of Morton, acquired by the purchase at the sale for taxes. The bare fact that no notice had been given to Morton, or the defendant, to produce it, constituted no valid objection. The general rule undoubtedly is, that a party will not be allowed to give parol evidence of the contents of a paper in the possession of his adversary, unless he has given him or his counsel reasonable notice to produce it on the trial. The object of the notice is, that the party having the custody of the original may bring it with him, and thereby furnish the best evidence of what it contains. Here the object was fully accomplished without a notice. The defendant voluntarily exhibited it as a part of his evidence, and thus placed it under the control of the Court. If the deed had not thus been produced, the want of notice would have defeated the plaintiff in any attempt to prove its contents by parol. If the deed had been registered, he might have introduced a transcript of the record, by swearing that the original was out of his custody and not subject to his control. The further fact that the deed was executed subsequent to the purchase by Hill, furnished no good objection to the introduction of the deed. The time allowed the owner to redeem the premises from the sale for taxes expired before the recovery of the judgment against Morton, and Morton thenceforward had the right to receive a deed from the sheriff on surrendering the certificate of purchase. As between these parties, the legal effect of the deed, when executed, was to vest the title in Morton at the time the deed was demandable. The

law is well settled, that for the advancement of a right and the furtherance of justice, and where the rights of third persons are not to be injuriously affected, a deed will have relation back to, and take effect from the time the grantee was entitled to receive it. Thus a deed may relate back to avoid the effects of an adverse possession, intermediate the conclusion of the contract of sale, and the execution of the deed. (*Jackson* v. *Raymond*, 1 Johnson's Cases 85;) or, to render valid an intermediate alienation by the grantee; (*Jackson* v. *Bull*, 1 Johnson's Cases, 81;) or, to enable the grantee to maintain trespass for an injury to the inheritance, after the purchase but before the making of the deed; (*Heath* v. *Ross*, 12 Johns. 140;) or, to pass whatever interest the judgment debtor had at the time of the levy of an execution on lands which he had previously purchased at a sheriff's sale, and for which he afterwards received a conveyance. *Boyd* v. *Longworth*, 11 Ohio, 235. See, also, the cases of *Case* v. *DeGoes*, 3 Caines, 262; *Jackson* v. *Bard*, 4 Johns. 234; *Jackson* v. *Dickenson*, 15 do. 309; *Jackson* v. *Ramsay*, 3 Cowen, 75; *Everlson* v. *Sawyer*, 2 Wend. 507, and *Klock* v. *Cronkhite*, 1 Hill's (N. Y.) R. 107. If it was necessary, in order to sustain the plaintiff's title, this case would come clearly within the doctrine of relation. At the time of the sale on execution, Morton was entitled to a deed for the premises, which would vest in him such an interest as could be sold on execution. He has no good reason to object to the application of the principle, for he was bound to pay the judgment, or permit it to be satisfied out of his property. The defendant having become the tenant of Morton after the deed was executed, succeeded to no greater right than Morton had.

The instruction demanded by the plaintiff asserted a correct legal principle, strictly applicable to the facts of the case, and should have been given. The law is, that in an action of ejectment instituted by the purchaser at a sheriff's sale against the defendant in the execution, the defendant cannot controvert the title. The plaintiff is only required to produce the judgment, execution and sheriff's deed. The

tenant, who goes into possession subsequent to the sale, is placed in no better situation. He is estopped from denying the title of his landlord, and, consequently, the title acquired under the judgment. But if the tenant went into possession before the lien accrued, then the plaintiff, to eject him, must show that the tenancy has expired. It is only when the action is brought against a stranger, that the plaintiff is bound to prove that the judgment debtor had actual possession of the premises, or title thereto, at the rendition of the judgment or the date of the levy.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*