STATE ex rel. WHITE and another VS. WINN.

The owner of a valid certificate of a sale of lands for taxes, to whom a deed fatally defective in form has been issued, and who has never been in actual possession of the land, may compel the clerk of the county board of supervisors, by *mandamus*, to execute to him a proper deed.

The clerk cannot refuse to issue such deed on the ground that the certificates of sale of said land, which were issued to the county, had no other proof of assignment than an indorsement of the name and official title of the person who was clerk at the time of such alleged assignment, such officer being duly authorized by the supervisors to assign such certificates.

The clerk of the board of supervisors cannot refuse to issue a deed in such a case on the ground that the certificate of sale is defective in omitting the words "according to the facts," or that after being assigned in blank it was transferred to a town or city which had no power to purchase or sell such certificates, and was received by the plaintiff from such town or city. Even if these objections would be good if taken by one who had a right to insist upon them (as to which *quære*), the clerk cannot raise them; and especially after he has received and cancelled the certificate.

A quit-claim deed from the purchaser of land sold at a tax sale, is not such an assignment of the certificate of purchase as to authorize the clerk to issue the deed from the county to the grantee in such quit-claim deed, under sec. 14 or sec. 54, ch. 22, Laws of 1859.

APPLICATION for a *Mandamus*.

This was an application for a *mandamus* directing the clerk of the board of supervisors of Pierce county to issue to the

relators tax deeds of certain lands. The essential facts upon which the questions of law arose will sufficiently appear from the opinion.

• *White & Jay*, in person.

*A. H. Young*, for respondent.

*By the Court*, DOWNER, J. Deeds were executed to the relators by the clerk of the county board of supervisors of Pierce county, on tax certificates held by them, in which deeds the words "as the fact is" were omitted. The relators, on discovering the mistake, demanded of the clerk new tax deeds in due form of law. He declined to execute them. Can he be compelled to do it by writ of *mandamus?* In the case of *Lain v. Cook*, 15 Wis., 446, this court decided that the omission of the words "as the fact is" in a tax deed was a fatal defect ; and in the case of *Wakely v. Mohr*, the court speak of a tax deed without those words as void. This court has held that such defective deeds do not give the vendee a title on which he can recover in an action of ejectment, or transfer to him the constructive possession of vacant lands. But whether they may not be sufficient to give the vendee in actual possession of the lands, claiming title under such defective or void deed, such color of title as to enable him to avail himself of the defense of the three or ten year statute of limitations, in case he has been in possession a sufficient length of time, is undecided. In this case there is no proof that the vendees have ever been in actual possession of the lands. The deeds they have received must be considered valueless and void. We see no reason why the clerk should not be required to issue a new deed or deeds to the relators, on those tax certificates deposited with him by them.

It is said that the certificates are not legally assigned—that they were issued to the county, and the following on the back of each is all the assignment there is: "Oliver Gibbs, Jr., County Clerk." The stipulation of the parties admits as a

fact, that at the time of the indorsement Gibbs was clerk of the board of supervisors of the county, and authorized by an order of the board to sell and assign the certificates. Section 54, ch. 22, Laws of 1859, authorizes the purchaser to assign the certificates by writing his name in blank on the back thereof. The certificates in question were issued to the county as purchaser, and the only question is, whether the corporate name of the county should have been written in blank on each of the certificates instead of "Oliver Gibbs, Jr., County Clerk." We are of opinion that a valid assignment in the name of the county could be written over the name of Gibbs.

Again it is insisted that the form of the certificates is defective in leaving out the words "according to the facts;" also that the relators are not entitled to deeds because the certificates or some of them, assigned in blank, were transferred to a town or city which had not the power to purchase or sell them, and from such town or city the relators purchased them. We doubt whether the objections, or either of them, would be valid if raised by one who had a right to insist on them. But the clerk is not in a position to raise these objections. His duty is to issue a deed to any one who shall present the certificates to him duly assigned. He is not to inquire through whose hands they have passed. And especially is he precluded from raising such objections after he has received and cancelled the certificates.

The foregoing applies only to the certificates on which defective tax deeds were made to the relators themselves. We are of the opinion the respondent was right in refusing to execute a deed to the relators of the lands embraced in the deed to Miller. Miller had conveyed these lands by quit-claim deed to the relators, and they claim that this deed was an assignment to them of the tax certificates on which the void or defective deed to Miller was issued. The statute provides that the clerk of the board of supervisors, on the presentation to him of the certificate by the holder, shall execute in the name of his

county, as clerk, a deed. If the certificate has been assigned, the assignment is to be presented with it. His duty is simply to receive the certificate and assignment, and make the deed to the holder. The quit-claim deed, if it be an assignment at all of the certificates, is not such an assignment as the statute contemplates. Section 14 of chapter 22, the act above cited, provides that the certificate may be transferred by the purchaser by a written assignment *indorsed upon or attached to* the certificate; and sec. 54 authorizes an assignment by the purchaser writing his name in blank on the back of the certificate. It follows that the only assignments which the clerk of the board of supervisors is required to take any notice of, are such as are on the back of or attached to the certificates.

So much of the prayer of the relators as asks the writ of *mandamus* commanding the respondent to execute a tax deed on the west 1-2 of sec. 17, T. 24, R. 15, is denied.

The writ is awarded pursuant to the prayer of the relators, except as modified by the above denial.