## PETER CLIPPINGER v. JAY W. TULLER.

1. MANDAMUS; *Execution of Tax Deed by County Clerk.* The owner of a valid tax-sale certificate, to whom a tax deed fatally defective in form has been issued, may compel the county clerk, by mandamus, to execute to him a proper tax deed.

2. TAX CERTIFICATES; *How Assigned.* A quitclaim deed from the holder of a tax-sale certificate is not of itself such an assignment of the tax-sale

25—10 KAS.

certificate as will authorize the county clerk to issue a tax deed to the grantee mentioned in the quitclaim deed.

3. ———— *Rights and Remedies of Assignee.* A suit in equity to compel the county clerk to execute a tax deed to a supposed assignee of the tax-sale certificate, when the supposed assignors are not brought into court, and no valid assignment of the tax-sale certificate has ever been made, cannot be maintained.

*Error from Nemaha District Court.*

CLIPPINGER, as plaintiff, filed his petition in the court below against *Jay W. Tuller* and Nathan Burnham. The body of said petition is as follows:

" The plaintiff complains of said Jay W. Tuller for that, on the 8th of January 1870, the said Tuller was in law and in fact the clerk of the said county of Nemaha, and as such clerk made, executed, and delivered to the said plaintiff a certain deed purporting to convey all the right, title and interest as such clerk in and to the W.½ of the N.E.¼ of section 6, in township 4, of range 12, reciting in said deed that the said land had been sold for the taxes due thereon for the year 1862, and bid off by Charles G. Scrafford, county treasurer of said county, for the sum of $3.95, when in truth and in fact the said land was bid off for the said county of Nemaha by the said Charles G. Scrafford, the treasurer of said county, as will more fully appear from the record in the office of the treasurer; and the said Jay W. Tuller, clerk of said county as aforesaid, did assign on the 8th of January 1868 all the right, title and interest of the said county of Nemaha, and state of Kansas, to the land aforesaid, instead of which he recited in said deed that he assigned all of his own individual right, title, and interest. And the said plaintiff further avers that the said defendant Tuller made and executed the deed aforesaid to John S. Hidden and Albert W. Slater for and in consideration of the said sum of $3.95; * * * and that the said Hidden and Slater did by deed convey all their right, title, and interest in the said land to this plaintiff. * * * And the plaintiff further avers that the said Nathan Burham claims some kind of title to said lands. Now as the said defendant Tuller, as clerk of the said county of Nemaha, made a mistake in making the deed and assignment aforesaid to the said Hidden and Slater, in not making it in pursuance of law, * * * and in reciting that the said Tuller assigned his right, title, and interest in said certificate, when in truth and in fact he

intended to assign and did assign the right, title, and interest of Nemaha county to the said land, the plaintiff prays that a decree may be entered up requiring the said Jay W. Tuller to forthwith execute and deliver to the said plaintiff, as the party in interest, an amended deed in pursuance of law conveying all the right, title and interest to said lands acquired by the said tax sale of 6th of May 1863 of the said county of Nemaha by virtue of the laws of said state of Kansas made and provided in such cases."

*Tuller* appeared and demurred to said petition. The action was heard on demurrer at the April Term 1872. The district court sustained the demurrer, and gave judgment for the defendant for costs, and *Clippinger* brings the case here for review.

*Joseph Sharpe*, for plaintiff in error:

Tuller did not exercise the power conferred on him as county clerk in the manner and form prescribed law, and his deed, instead of conveying an absolute estate in fee simple was a nullity, and conveyed no estate whatever. It is the duty of a court of equity upon such a state of facts to make and enter up *a decree*, adjudging that Tuller should in pursuance of his official power execute and deliver to Clippinger a good and valid deed conveying an absolute estate, as it is provided by law he shall do. General tax law, Gen. Stat., ch. 107, § 112; 1 Sug. on Powers, 252; 2 id., 135, 136. The intention being apparent on the face of deed, that the county clerk attempted to execute the same in accordance with power conferred upon him by the statute, but through mistake or accident failed to make a proper execution thereof, we claim that he should now be decreed to do what he should have done at first. 2 Sug. on Powers, 119.

*Taylor & Gowdy*, for defendant in error:

This proceeding is in effect an application for a mandamus against the defendant as county clerk. The question presented is, whether erroneous and irregular tax proceedings can be amended after the power of the officer over them has

become extinct. The general doctrine is, that powers possessed by ministerial officers are to be punctiliously executed, and must appear to be so upon the face of the proceeding, or the power is not well executed. More especially is this applicable to tax proceedings. (Blackwell on Tax Titles, 39 to 50.) When the county clerk has once made a deed, exercising the power conferred upon him by the statute, he is thenceforth *functus officio;* and if the act done fails to conform to the statute the error cannot be obviated by amendment, because the power of the clerk is exhausted. Particularly so when, as in case of tax deeds, the rights of the owner of the land are jeopardized. (Blackwell, 359.) Manifestly the opinion of this eminent commentator is entirely against the idea that defective tax proceedings may be aided by amendment; for in treating of "remedies," in chapter 34, he says: "Nor can a court of equity supply the defect. Where a power is conferred by statute, courts of equity cannot dispense with the regulations therein prescribed. The execution of the power must be in the statutory way; and if there is a failure to so execute, the act is void at law; and if void at law, equity cannot aid any defect in its execution." (Blackwell, 493.) And in summing up the discussion on the subject he declares that, "No instance is known of an attempt to make a tax title good by an appeal to a court of equity." (Id., 499.)

But if the power of amendment does exist it must be confined to what may be amended by the record itself, and not depend on facts *de hors* the proceeding. The deed in this case recites that the certificate of sale was assigned by the clerk's conveying to plaintiff's grantors "all his right, title and interest," etc., therein; and the petition alleges this to be a mistake — that the clerk intended to convey the title of Nemaha county and not any title or interest of his own. But certainly if this allegation is true, no such fact appears on the record; and if it is a fact it can be made to appear only by testimony *in pais*, which is not allowable in any case. (Blackwell, 361.) Moreover, the petition demands a corrected deed, when the error, if any, is anterior to the deed. The

relief demanded does not touch the error sought to be cured. Plaintiff's petition states no cause of action, and his suit should be dismissed.

The opinion of the court was delivered by

VALENTINE, J.: The questions involved in this case were raised in the court below on petition and demurrer. The demurrer was interposed by the defendant Tuller, and the ground on which he demurred was, that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against himself. The demurrer was sustained by the court below, and the plaintiff now brings the case to this court. The plaintiff in this case seems to consider this action as a suit in equity, but the defendant seems to consider it substantially as an application for a writ of mandamus. But in whatever light it may be viewed we do not think that the petition states any cause of action against Tuller. It is not stated in the petition that Tuller had any interest in the land in controversy, either legal or equitable; nor is it stated that he claimed to have any such interest. He was county clerk of Nemaha county; but it is not shown in the petition that he ever failed to perform his duty as clerk toward the plaintiff. It is true that he once executed a defective and void tax deed to Hidden and Slater, but the petition at most only shows inferentially that he was under any obligation to them, or to any one else to execute a better one. Did Hidden and Slater ever own a valid tax-sale certificate? and if so, did they ever present it to the county clerk and ask that a valid tax deed should be executed upon it? This is scarcely shown from the petition. But if they did, then it is clear that the clerk should have executed to them a valid tax deed. (Gen. Stat., 1055, ch. 107, § 112.) And if he did not, they may compel him to do so by mandamus, whether he has formerly executed to them a void tax deed, or none at all. The owner of a valid tax-sale certificate to whom a tax deed fatally defective in form has been issued, may compel the county clerk by man-

1. Mandamus; tax deed.

damus to execute to him a proper tax deed: *State v. Winn,*
19 Wis., 304; *Woodman v. Clapp,* 21 Wis., 350; *Maxcy v.
Clabaugh,* 6 Ill., 26; *Furguson v. Miles,* 8 Ill., 358. But
Hidden and Slater are not asking the clerk to execute a
second tax deed to them, or to any one else; and the tax-sale
certificate owned by them has never been assigned according
to the statutes in such cases provided: Gen. Stat., 1063, ch.
107, § 145; page 1048, § 91; page 1047, § 90. It is true,
the plaintiff has a quitclaim deed for the premises covered by
the tax-sale certificate from Hidden and Slater to himself.
But a quitclaim deed from the holder of a tax-sale certificate

2. Tax-sale cer-
tificate; as-
signment.

is not of itself such an assignment of the tax-sale
certificate as will authorize the clerk to issue a
tax deed to the grantee mentioned in the quitclaim deed:
*State v. Winn,* 19 Wis., 304, 307. The assignment under the
statutes to authorize the clerk to act in such a case must be "a
written assignment *indorsed upon*" or "*attached to*" the tax-
sale certificate: Gen. Stat., 1048, § 90. It must accompany
the tax-sale certificate, be filed away with it, and be preserved
as evidence in the office of the county clerk. The question
whether the court could not compel Hidden and Slater to
execute a valid assignment of the tax-sale certificate, or render
a decree, declaring that the quitclaim deed should be consid-
ered as equivalent to such an assignment, is not in this case,
as Hidden and Slater were not made parties to this suit; and
of course no decree requiring them to make such an assign-
ment, nor any other decree, could be rendered against them.
Possibly a suit in equity compelling them to make such an
assignment, and then compelling the county clerk to execute
a tax deed on such assignment could be maintained, if all the
parties were in court. But a suit in equity to compel the
county clerk to execute a tax deed to a supposed assignee of
a tax-sale certificate, when the supposed assignors are not
brought into court, and when no valid assignment of the tax-
sale certificate has ever been made, cannot be maintained.
The order of the court below sustaining the demurrer to the
petition is affirmed. All the Justices concurring.