State ex rel. Treat vs. Richter, County Clerk, etc.

*By the Court.*—The order of the circuit court setting aside the judgment and granting a new trial is reversed.

State ex rel. TREAT VS. RICHTER, County Clerk, etc.

|  |  |
|---|---|
| 37 | 275 |
| 87 | 80 |
| 37 | 275 |
| 105 | 116 |
| 37 | 275 |
| 117 | 327 |

COUNTY CLERK. (1) *Duty of, to issue order on allowed claim. Duty ministerial.* (2) *Has no authority to adjudge equities between claimant and others.* (3) *May be compelled to issue order by* mandamus. (4) *County board not necessary party to such* mandamus. (5) *Nor chairman of board.*

1. When the county board of supervisors has audited an account and ordered its payment, it is the duty of the county clerk to make and sign, and of the chairman of such board to countersign, orders upon the county treasurer for the payment of the amount *to the party in whose favor such account has been allowed;* and such duty is imperative and purely ministerial.

2. The county clerk has no authority in such case to adjudge the equities between the person in whose favor an account has been allowed, and a third party who claims some interest in said account.

3. A county board of supervisors allowed and ordered paid an account in the relator's favor. The person then holding the office of county clerk delivered to the relator orders on the county treasurer for a part only of the sum allowed, and delivered orders for the remainder to a third party, who claimed an interest in the amount. On an application for a *mandamus* to compel the present county clerk to make and sign orders for such remaining sum in the relator's favor: *Held,* that the writ should be granted, and the defendant cannot set up the action of his predecessor, or the equities of such third party, to defeat the action.

4. The county board of supervisors, having performed its duty in the premises, need not be made a party to such action for a *mandamus.*

5. Before the orders are made and signed by the county clerk and presented to the chairman of the board of supervisors to be countersigned, it is doubtful whether the latter officer could so refuse his signature as to subject him to a *mandamus;* and he is at least not a necessary party to this suit, it not appearing that he has made any objection to countersigning the proper orders.

APPEAL from the Circuit Court for *Manitowoc* County.

*Mandamus* to compel the county clerk of Manitowoc county to sign, issue and deliver to *Treat*, the relator, an order on the treasurer of said county for the sum of $325.90, in payment for the balance of a claim against said county for printing, which had been audited and allowed in relator's favor by the county board of supervisors, and the clerk directed to draw orders for the amount. The relation alleged that the clerk refused to issue to the relator orders for said sum, but had issued orders to the amount thereof to one P. P. Fuessenich in pretended payment of the relator's claim, but that the relator had never authorized any one to receive such orders.

The return of the clerk to the alternative writ set up, by way of defense, that at the time the relator contracted with the county to do the printing of the tax list, etc., he and one Olmstead and one Smoke were partners in the printing business, and jointly interested in the contract; and that Olmstead, and Smoke's administrator, were necessary parties. The return further alleged, that the relator had agreed with one Trœmel, publisher of a German newspaper, that he would give Trœmel half the money received from the county for publishing said list, and that the orders to be issued therefor should be taken by Trœmel; that Fuessenich had advanced large amounts to Trœmel, who had authorized him to receive the orders, and apply the same in payment of the debt from Trœmel to himself. The return admitted the issuing of the orders to Fuessenich.

A replication was filed denying the partnership on oath.

The evidence showed that Fuessenich was the county clerk at the time the claim was allowed and such orders issued, and had himself received the money upon the orders. The respondent in this action was Fuessenich's sucessor in office.

Upon the relation, return and evidence showing the allegations of the relation to be true, a peremptory writ was awarded, the court refusing to admit evidence of the partnership between

the relator and Olmstead and Smoke.    Some evidence was admitted tending to show the agreement between the relator and Trœmel set up in the return.

From the order awarding a peremptory writ, and the judgment for costs, the clerk appealed.

*W. J. Turner*, for appellant, argued that the orders having once been issued by a former clerk, and paid by the county treasurer, the present clerk could not be compelled to issue other orders and pay them without order or resolution of the county board.    The chairman of the county board would be required to sign the order to give it validity; and when the officer whose action is sought to be enforced cannot alone perform the duty, the writ of *mandamus* will not go against him alone.    *State ex rel. Byrne v. Harvey*, 11 Wis., 33.

*Green & Nash*, for respondents, contended that the misapplication by Fuessenich of the orders to which relator was entitled did not lessen the relator's right.    Fuessenich took nothing which as yet belonged to relator.    Delivery is necessary to vest ownership.    The wrong was against the county, not the relator; and the latter's rights were in no wise affected thereby.

RYAN, C. J.    The authority and duty to audit the relator's account, and to order its payment, were in the board of supervisors of the county.    R. S., ch. 13, sec. 27; Laws of 1868, ch. 160.    It was the duty of the county clerk to make and sign the proper county orders for the amount allowed by the board to the relator.    R. S., ch. 13, sec. 57.    It was the duty of the chairman of the board to countersign the orders.    Id., sec. 36. The duty of these officers to sign and countersign the orders was purely ministerial.    *State v. Winn*, 19 Wis., 304.

It appears that the relator has received county orders for part of the amount allowed to him by the board, but not for the whole; and that the appellant refuses to sign orders for the balance unpaid to the relator.    It further appears that the county clerk, the appellant or his predecessor, assumed to make

and deliver orders for the balance due to the relator, without authority from the relator, to another person, the clerk being of opinion that such other person was entitled to them, as between him and the relator. And the appellant sets up the same defense against a peremptory writ.

We cannot settle the equities between the relator and the person who has received orders for the balance due by the county to the relator, in this proceeding. And certainly the appellant could not. The county clerk wholly mistook his office, its powers and duties, when he assumed to sit as chancellor between those parties, and to distribute the county orders amongst them according to his judgment of the equities between them. The appellant makes the same mistake in setting up the same equities as a defense to the writ. He has no concern with them. Neither has he anything to do with the equitable interest of other parties with the relator in the account for which the allowance was made. The allowance was to the relator alone. That was conclusive to the county clerk, and he had no authority to look behind it. His duty was simple and peremptory, purely ministerial, to make, sign and deliver the orders to the person to whom the allowance was made by the board. *State v. Winn, supra.*

The consequences of the issuing of orders on the relator's allowance to another party are not before us. That is a question between the county and the officer who did it, with which the relator has no concern.

It is very plain that the county, that is in effect, the board of supervisors, is not a necessary party here. The board has performed its duty in the premises, and could not properly be called upon to do it again. It had imposed a duty on the clerk, of which it is the function of the court, not of the board, to enforce performance.

It does not appear that the chairman has made any objection to countersign the proper orders. It may be doubted whether he could so refuse to do so, as to subject him to *mandamus,*

before the orders are made and signed by the clerk. R. S., ch. 13, sec. 36. As the case appears in the record, he is certainly not a necessary party.

*By the Court.* — The judgment of the court below is affirmed.