ROBERTS, Appellant, vs. ERICKSON, County Clerk, Respondent.

*February 27—March 21, 1903.*

*Register in probate: Salary: County board: Power to prohibit payment: Mandamus to county clerk.*

1. Under ch. 303, Laws of 1895 (secs. 694, 2464a, Stats. 1898), when a county board has fixed a salary for a register in probate, and has not changed it, and has collected and appropriated the money therefor, it cannot prohibit the payment of such salary.
2. Where the county board has by a recorded vote directed that orders be issued at the end of each month to pay the salary which it has fixed for the register in probate and for which it has raised the money by taxation, *mandamus* will lie to compel the county clerk to sign such orders—that being a ministerial duty clearly imposed by subd. 3, sec. 709, Stats. 1898.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Appeal from judgment dismissing alternative writ of *mandamus* upon the return, showing substantially the following facts:

For some three years prior to 1902 there had been a duly appointed register in probate, appointed by the county judge, whose term of office expired in January, 1902, and for whom a salary had been fixed by the county board of Douglas county prior to his appointment and had been regularly paid. At an adjourned meeting of the county board held March 12, 1901, a resolution was adopted to the effect that the salary of the

county judge who was to be elected in the April following be fixed at $1,500 for each year of his term, and that the salary of register in probate for said time be fixed at $480 per annum, payable in monthly instalments, the same as other county officers. L. S. Larson, having been elected county judge, upon his qualification in January, 1902, appointed the relator register in probate, and she was regularly paid her salary of $40 at the end of each month up to the last of August, 1902. There was included in the tax levy for the year 1902, and duly collected, the sum of $3,000, for the purpose of paying the salary of the county judge and register in probate and other expenses of the county court for that year. The county board, by recorded vote, had ordered that orders be issued at the end of each month to pay the salaries of the various county officers. At a special meeting of the county board on August 26, 1902, it was resolved "that on and after September 1, 1902, no salary or other allowance be made or paid to the register of probate by Douglas county." Relator continued to perform her duties as register, and on the 1st day of October, 1902, demanded of the respondent county clerk to issue and sign an order for the payment of the $40 for her salary during the month of September, which he refused to do.

The cause was submitted for the appellant on a brief by *Louis Hanitch,* attorney, and *L. S. Larson* and *D. E. Roberts,* of counsel, and for the respondent on the brief of *C. H. Crownhart.*

DODGE, J. Ch. 303, Laws of 1895, presents a somewhat complicated general scheme for the creation of a responsible public officer to perform the clerical functions essential to the procedure in county courts, and theretofore involved in the duties and powers of the county judges. It recognized two distinct interests to be considered in deciding in any individual instance whether a register in probate shall exist for that county or the clerical functions shall continue to be exercised

by the county judge. First and primarily there is the interest of the judge himself, who, since he may engage in the practice of law or business, may wish to relieve himself from the demands of these clerical duties on his time. He therefore is given full power, at his will, to create or extinguish such an officer. Next there is the interest and convenience of the public. The total labor of the court may be only so much that the judge alone can perform it without delays, or the reverse may be true, so that the existence of a clerical officer is essential to prompt dispatch of business and to the convenience of litigants. Therefore the county board is vested with discretion whether the public treasury ought to bear the expense. This general scheme is quite apparent in the original legislation, and, though somewhat obscured by the distribution of different parts of the act of 1895 between secs. 694 and 2464a, Stats. 1898, without doubt persists in the law as it now stands on the statute book. The law also clearly contemplates that the register is to receive a salary, for it provides (sec. 2464a, Stats. 1898) that when the county board shall not fix a salary "the judge shall compensate such register." It is too apparent for serious debate that this particular contingency is not before us, so that by mere force of the law, apart from any agreement, the duty rests on the county judge to compensate appellant. She clearly could not demand that he pay her, for that duty is cast upon him only when "the county board shall not fix a salary." By the record before us it appears that they have fixed one. The question for decision, however, is whether, when the county board have fixed a salary, and have not changed it, and have collected and appropriated the money therefor, they can prohibit payment of it. This does not necessarily involve decision whether by a mere fixing of a salary the county board for all future time adopt a system from which they cannot recede, as was held to be the effect of a very different act as to sheriff's compensation, under a radically different statute, in *Northern Trust Co. v. Snyder,* 113 Wis.

516, 530, 89 N. W. 460.   Nor are we called on to decide whether, as argued by appellant, there is a public policy, enforceable by the courts, beyond the control of the legislature, which must constrain us to a holding that the salary of an officer having no term cannot be changed while he continues to hold the office, notwithstanding the statute (sec. 694, Stats. 1898) authorizes the county board to fix that salary from time to time.   In the present instance, the appellant having been appointed and the county board having fixed her salary, that salary, by the very terms of sec. 694, Stats. 1898, "shall be paid at the end of every month."   The resolution of the county board that after September 1, 1902, it shall not be paid, is direct negation of the statute; and, as the latter cannot be negatived by the county board, their resolution is of no force. Hence the appellant, having performed the duties of register in probate for the month of September, was entitled by law to be paid $40 therefor.

No question seems to be raised as to the propriety of *mandamus* against the county clerk as a remedy, nor do we think it doubtful.   The resolution that appellant be not paid by the county is without force, as being in derogation of a statutory command.   The money for this month's salary has been raised by taxation, accompanied by the order of the county board that orders be issued therefor at the end of each month. Subd. 3, sec. 709, Stats. 1898, makes it the duty of the county clerk to sign orders under such circumstances.   Hence *mandamus* will issue against him to compel the performance of this—a ministerial duty clearly imposed by law.   *State ex rel. Treat v. Richter,* 37 Wis. 275.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment awarding peremptory writ of *mandamus* as prayed.