*37 By the Cotjet,
Monell, J.
A party claiming title to real property under a sheriff’s deed must show a judgment and an execution issued thereon authorizing the sale. (4 Cowen & Hill’s notes to Phil. Ev. 1078, note 738, and cases there cited.)
The corticate of sale which the statute directs the sheriff to make (2 R. S. 270, § 42,) must contain a description of the premises sold, the price bid, the consideration paid, and the time when the purchaser will be entitled to a conveyance. It need contain nothing more. Such certificate is made presumptive evidence “ of the facts therein contained.” (§ 44.) But it is not evidence, presumptive or otherwise, of any other fact. (Williams v. Merle, 11 Wend. 80. Browning v. Hanford, 5 Denio, 586.) The mere recital in the certificate of an execution, was not evidence of an execution, inasmuch as such recital was no necessary part of the certificate, and the certificate is made evidence of such facts only as the statute requires should be stated in it. There was, therefore, a failure to prove a valid sale, as no execution authorizing it was shown.
' But the plaintiff failed to show title for another, and perhaps a more substantial reason. The sheriff’s deed conveyed to the plaintiff’s testator a plot of ground on the southerly side of Stewart street, and which is described as running along a certain road, “ to Stewart street, and thence along the southerly side of Stewart street westerly,” &c. And it is claimed that such description carried the grantee to the centre of such street. The rule is, that general words of description bounding lands along a highway, or upon a highway, or as running to a highway, are expressive of an intention to convey to the middle of the highway. (Jackson v. Hathaway, 15 John. 454.) But when, from the description, it is manifest that the parties intended to limit and restrict the conveyance to the lines of the highway or street, no part of the highway or street passes.
It is claimed however, in the case before us, that the words “ to Stewart street,” carried the grantee to the centre of that street, and that these words are not limited in their effect, by the subsequent words “ thence along the southerly side” of such *38 street. This is a question of intention, which is to be determined by the language used. To my mind they plainly indicate an intention to limit the grant to the southerly side of Stewart street. Any other effect which could be given to the words “to Stewart street,” if they stood alone, is destroyed by the immediately following and restrictive words “ thence along the southerly side,” &c. .
But the question is disposed of upon authority. In Child v. Starr, (4 Hill, 369,) the description was (S. C. 20 Wend. 149,) “ thence easterly forty-five feet to the Genesee river; thence northwardly along the shore of ..said river,” &c. And it was held by the court for the correction of errors, that no part of the bed of the river passed, under the conveyance, but that the grantee took only to low water mark; and the chancellor says that the same rule applies to highways, &c..
The analogy between that case and the one before us is perfect.
The exceptions should be overruled, and judgment ordered dismissing the complaint, with costs.