## WOODMAN VS. H. S. CLAPP.

TAX CERTIFICATES AND DEEDS.—*Receipts endorsed on tax certificates: parol evidence of purpose for which money was paid.*—*Power of clerk of supervisors to issue a new tax deed in place of a defective one.*—*Unauthorized assignment of a certificate by clerk: how county estopped: effect on original owner of the land.*—*Effect of tax deed: by what statute determined.*

1. Certificates of sale, upon which the defendant's tax deed was based, were indorsed by the clerk of the board of supervisors thus : "Received of J. C. the sum of $3.65 in full for the tax, interest and costs of the within certificate;" and it appeared in evidence that the sum mentioned in each receipt was in fact the amount of the tax for which the land was sold, with interest and expenses allowed by law. The certificate was endorsed in blank by J. C. *Held*, that it might be shown by oral testimony, whether the money was received as a consideration for the *assignment* of the certificates to J. C., or in *redemption* of the lands therein described: because the purpose for which it was received did not appear in the receipts, and also because, being mere receipts, they might be explained, modified or even contradicted by oral evidence.

2. Where a tax deed, so defective as to be void, has been issued to a party entitled to a deed, it is competent for the clerk of the board of supervisors to issue a new deed.

3. The effect of any tax deed properly executed is to be determined by the law in force at the time of the *sale*.

4. Where the clerk of supervisors, since 1859, has assigned a tax certificate without authority of the board, but the county has estopped itself from objecting to such assignment or the deed issued upon the certificate, the former owner of the land cannot avail himself of the original defect of authority.

5. A deed executed in 1865 by the clerk of supervisors to cure the defects of deeds previously issued for lands sold to the county for taxes in 1858, recited that the certificates were assigned by the county to J. C., and by him assigned to the defendants. *Held*, that the county was concluded by the deed from objecting that the assignment by the clerk was unauthorized.

APPEAL from the Circuit Court for *St. Croix* County.

Ejectment. Defendant claimed title under tax deeds: one issued to him by the clerk of the board of supervisors of said county, September 17, 1861, on the sale of 1858, which named the county only as grantor; and two others issued by the same in lieu of the former, in 1865, after this action was commenced. The first was ruled out. Plaintiff put in evidence, from the files in the office of the clerk of supervisors, the certificates of

sale, on each of which was the following indorsement, signed by the clerk, and with his official seal: "Received of John Comstock $3.56, in full for the tax, interest and costs on the within certificate." The amount specified in each of said indorsements was that of the tax expressed in the certificate, with interest and expenses allowed by law; and there was no other indorsement by said clerk on said certificates; but each of them was indorsed by John Comstock in blank. One Denniston testified, for plaintiff, that he signed the receipts indorsed on said certificates, and was clerk of the board at that time, and made the indorsements in his official capacity. The defendant was not permitted to show by the same witness, that the receipts so indorsed were intended by him as assignments and sales of the certificates, and not as evidence of redemption. The plaintiff then introduced evidence of various irregularities in the tax proceedings on which said sales were based. All the evidence on his part was received against defendant's objection.

The court instructed the jury that the facts proven rendered defendant's tax deeds void. Verdict and judgment for plaintiff; and defendant appealed.

*Allen Dawson* and *H. A. Wilson* (with *Spooner & Lamb*, of counsel), for appellant:

If the tax deed of 1861 was void, those of 1865 were rightfully executed in its stead. *State ex rel. White v. Winn*, 19 Wis., 304; Blackwell, 440. 2. The law in force at the time of the sale determines the effect of the deeds. *Smith v. Cleveland*, 17 Wis., 556; *Burch v. Schuyler*, 4 Gilm., 221, 274; *Garrett v. Wiggins*, 1 Scam., 335; *Robinson v. Howe*, 13 Wis., 347; *Cornell v. Hichens*, 11 id., 353; *Lain v. Shepardson*, 18 id., 59; 11 Paige, 484; Blackwell, 351. 3. The deeds of 1865 had *relation* back to the time when deeds were first due. 3 Cow., 75; 7 Barb., 39; 9 B. Mon., 496; 3 Gilm., 358. 4. If those deeds do not relate back so as to show a *legal* title in the

grantee prior to their execution, they show that he was the equitable owner when suit was brought, which is a good defense under sec. 7, ch. 141, R. S. (Blackwell, 440, 458 ; 3 Barb. Ch., 528) ; although by a redemption before the recording of the deed, the equitable estate already vested might be defeated. 5. The deed being, by the statute in force in 1858, *conclusive* evidence of the regularity of the proceedings up to its execution, so far as here disputed, except the non-redemption, the certificates, as indorsed, were admissible only to show the fact of redemption ; and all the other evidence as to irregularity was improperly received. The indorsements on the certificates, being mere receipts for money, were subject to be contradicted, varied or explained by oral testimony. 1 Phil. Ev., 474, and note 4 ; *Monell v. Lawrence,* 12 Johns., 521. As the county, the original holder of the certificates, has recognized defendant as the rightful owner, by making him the deeds, plaintiff cannot question the transfer from the county to Comstock. *St. Louis Pub. Schools v. Risley,* 28 Mo., 419. 6. The deed of 1861 may be held valid under the decision in *Bank of Utica v. Mersereau,* 3 Barb. Ch., 528.

*P. A. Orton, Jr.* (with whom was *S. U. Pinney,* of counsel), for respondent :

1. The deed of 1861 was void. *Edgerton v. Bird,* 6 Wis., 535 ; *Lain v. Cook,* 15 id., 446 ; *Luin v. Shepardson,* 18 id., 59 ; Blackwell, 435. 2. The offer to prove by oral evidence that the receipts were intended as assignments of the certificates, was properly rejected. (1.) The county treasurer was the only officer authorized to assign tax certificates for the county. Laws of 1854, ch. 66, sec. 7. (2.) The defendant is bound by the record under which he claims title, and cannot correct it. Blackwell, 600 ; *Miner v. McLean,* 4 McLean, 138 ; *Coit v. Wells,* 2 Vt., 318 ; *Kellogg v. McLaughlin,* 8 Ohio, 114. (3.) If he could correct it, it would only be by a direct proceeding in equity, and not in this suit at law. *Follett v. Heath,* 15 Wis.,

602. (4.) The receipts so indorsed were a cancellation of them, and it would be a fraud upon the plaintiff (who might himself have redeemed, if the record had not shown a redemption) to metamorphose them into valid assignments on which defendant can found title against him. 3. These deeds are only *prima facie* evidence of the regularity of the proceedings, under sec. 25, ch. 22, Laws of 1859; and not conclusive evidence under ch. 66, Laws of 1854. The law of 1854 can be sustained only as a statute of limitations. This sale was open to attack, under the law existing in 1858, until a tax deed was properly executed. Before such a deed was made, and before any person became entitled to it, the period of limitation was extended to three years from the record of the deed. Laws of 1861, ch. 138, sec. 5. The period of limitation may be extended in such cases. *Osborn v. Jaines*, 17 Wis., 537; *Pleasants v. Rohrer*, id., 577.

DIXON, C. J. The writings indorsed on the certificates of sale, and signed by Denniston who was at the time clerk of the county board of supervisors, are but receipts for money, and as such, are subject to explanation by oral testimony, especially as to the purposes for which the money was received, which are not expressed in the receipts themselves. It appears by the receipts, that the money was received on account of the taxes, interest and costs mentioned in the certificates; but whether in redemption of the lands therein described, or as a consideration for the assignment of the certificates to Comstock, does not appear. The language of the receipts is not inconsistent with either supposition; but conceding that it tends to show a redemption rather than an assignment, and that the receipts were properly admitted in evidence for that purpose, still we think the oral testimony offered in explanation ought not to have been excluded. The rule which authorizes the introduction of such testimony in the case of re-

ceipts for money, to explain, modify or even to contradict them, is so familiar and of such frequent application in practice, that a mere allusion to it is deemed sufficient.

The question whether the deed of December 21, 1865, executed to cure the defects of the former deed, is evidence of the assignment of the tax certificates on which it is founded, must, we think, be answered in the affirmative. This is a question between the county, the purchaser at the tax sales and first holder of the certificates, and the defendant, the grantee in the deed, who presented the certificates and received the deed as the assignee of them. It is a question whether any interest in the certificates passed to Comstock, and from him to the defendant, by virtue of the supposed assignment of the clerk, he having had no authority to make the same, so as to uphold the deed subsequently executed. The county is a party to the deed. It is one of the grantors named in it. The deed recites that the defendant was the assignee of Comstock, who was the assignee of the county. The county is concluded by this recital. If not a ratification of the previously unauthorized act of the clerk, it certainly enures to the benefit of the defendant by way of estoppel, and, so long as the county is concluded, it is not an objection of which the plaintiff can avail himself in this action.

In deciding these questions, we adhere, of course, to the principles heretofore established by the judgment of this court, namely that it is competent for the clerk of the board of supervisors, in cases like this, to execute and deliver new deeds, where those already executed are defective or void, and that the effect of every tax deed properly executed is to be determined by the law in force at the time of the sale.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.