ALLYN vs. BOORMAN, Receiver.

*Evidence — Statute of Frauds.*

After A., W. and L., being partners, had given certain firm notes, A. sold his interest in the partnership to W. and L., and in part payment therefor the new firm agreed to pay said notes. The contract of sale took the form of a bond executed by A. to W., as sole obligee, he appearing on the face as sole purchaser of A.'s interest, subject to the condition of paying said notes. A. was compelled to pay the notes, and sues the receiver of the assets of the new firm to recover the amount as money paid to their use. *Held,*

1. That A. has the same rights in this action as if it had been against W. and L., before defendant's appointment as receiver.
2. That the action, though legal in form, is equitable in its nature, and the plaintiff will be prevented from showing the whole truth only by something in the nature of an estoppel.
3. That the bond to W. might be introduced by A. as some evidence that he was only a surety on said notes as to W. and L.

4. That the bond is not the ground of the action, and plaintiff may show by oral testimony that the purchase of his interest was made for the benefit of L. as well as of W., and that as to both he was only a surety upon said notes; and such evidence should not be rejected either as in contravention of the statute of frauds, or as tending to vary the terms of the bond.

APPEAL from the Circuit Court for *Juneau* County.

The plaintiff, *Allyn*, who had been a partner of Wightman and Langworthy, brought his action to recover of the receiver of their assets the amount of certain notes of the original firm, which *Allyn* had been compelled to pay, the bond or contract of dissolution providing that said notes should be paid by Wightman and Langworthy. The only questions involved are as to the admission of certain evidence upon the trial, which are fully stated in the opinion. Finding for plaintiff and a new trial being refused, defendant appealed.

*Turner & Blair*, for appellant.

*Winsor & Veeder*, contra.

DIXON, C. J. It is difficult to perceive how any question under the statute of frauds was presented in this case, or how the parol testimony introduced by the plaintiff was objectionable, on the ground that it tended to vary, contradict or control the terms of a written instrument. The bond given in evidence by the plaintiff, was not the instrument sued upon, and did not constitute the foundation of the plaintiff's action in the sense that counsel for the defendant seem to suppose. It was offered merely as some evidence tending to establish the plaintiff's claim, and to show what the true understanding and agreement was between the plaintiff and his late copartners, Wightman and Langworthy, with respect to the payment of the notes of the old firm held by Mrs. Saunders and Mrs. Langworthy. The cause of action sued upon, or foundation of the plaintiff's claim, was the moneys paid out and expended by him in taking up and satisfying the Saund-

ers and Langworthy notes, with respect to which the plaintiff stood, or claimed to stand, in the relation of surety for the new firm of E. D. Wightman & Co., composed of the two partners, E. D. Wightman and Geo. F. Langworthy.

The bond referred to in the complaint and introduced in evidence, was received for the purpose of establishing such relation of surety, and tended very strongly to do so. It did so very clearly as between the plaintiff and Wightman, and, if it failed to show the same relation as between the plaintiff and the other partner, Langworthy, it did not preclude or debar the plaintiff from establishing it by other evidence. It was still competent for the plaintiff to show by parol testimony that such was also his relation to Langworthy with respect to the notes. The simple transaction was, that the plaintiff and Wightman and Langworthy, being or having been copartners in the manufacture and sale of lumber, and owning a saw-mill and considerable tracts of land, and some personal property in the counties of Juneau and Wood in this state, the plaintiff sold out all his interest in the partnership to his copartners, Wightman and Langworthy, for a certain sum of money, the latter likewise agreeing, among other things, and in part consideration of the purchase, to pay the notes of the former firm to Mrs. Saunders and Mrs. Langworthy. The copartnership between the plaintiff and Wightman and Langworthy was thus dissolved, the plaintiff retiring from the firm, and thereupon the new partnership by the same name and style, composed of Wightman and Langworthy, was created and became successor in the business.

In making the contract for the sale which took the form of a bond executed by the plaintiff, it became convenient for some reason to have the bond run to Wightman alone, and he was accordingly named as sole obligee and thus appeared on the face of the bond as sole purchaser of the plaintiff's interest in the property of the partnership, subject, among others, to the condition named in the bond, of paying the Saunders and

Langworthy notes, which the plaintiff was afterwards compelled to and did pay to the holders. The actual truth was, as appeared by the testimony of both Wightman and Langworthy, introduced after the giving in evidence of the bond, that Wightman was not sole purchaser, as he appeared by the bond, but that he purchased jointly with Langworthy, and that it was so understood by all parties at the time. And this is the testimony to which exception was taken as contradicting the terms of the written instrument. The defendant is receiver of the assets, property and effects of the new firm, and as such represents that firm. The action is the same as if it had been brought against Wightman and Langworthy, the individuals composing such firm.

In this aspect it is obvious that there was nothing in the writing or bond executed by the plaintiff, which would prevent his showing the true relation which existed between himself and Wightman and Langworthy, with respect to the notes, as that he had become surety for them or for the new firm for the payment of the notes, and that when he paid them it was so much money paid and advanced by him in that capacity. The equitable nature of the action, for money paid and advanced under such circumstances, is well known, as is also the liberal character of the action. Disregarding technicalities, and looking to the very right and justice of the matter, it may in general be asserted as a correct rule, that nothing will prevent a party from showing the whole truth, unless it be something in the nature of an estoppel by which he has precluded himself. Cases may be presented, perhaps, of direct written agreement, where he could not contradict or vary by parol, but not in such a case as this. The parol evidence was admissible on the same principle that receipts for money may be explained, or an agreement shown as to which the writing is silent. *Woodman v. Clapp*, 21 Wis., 350 ; *Ballston Spa Bank v. Marine Bank*, 16 Wis., 120.

If A., B. and C. be jointly liable as makers and principals upon a note, and A. pays his share or proportion to B. and C., who thereupon agree by parol to take up the note and save A.

harmless, and A. is afterwards compelled to pay the note, he will have his action against B. and C. for the amount paid and interest, and oral testimony will be admissible to show the agreement and that A. had in fact become a mere surety. And it would be the same if A. had paid his share to B. for the use of B. and C., and with the promise or agreement on their part that they would pay the note. The transfer and conveyance by the plaintiff to the new firm or to either member of that firm as might be designated, of his interest in the property of the copartnership as it previously existed, was, by the understanding and agreement of the parties, a payment by him to the new firm of his share or proper part of the Saunders and Langworthy notes, and though still personally liable to the holders, that liability was, as respected the new firm of Wightman and Langworthy, one of suretyship merely; and such being his position, he would have all the rights both at law and in equity of any other surety, and might establish those rights by the same kind of evidence. The statute of frauds would not and did not interpose any obstacle to his proving by oral testimony that he had, in pursuance of a valid and legal obligation, been compelled to pay and had paid money for the use and benefit of the new firm, and which in justice and equity should be refunded to him and entitle him to the rights and remedies of a creditor of that firm.

We see no error in the proceedings and judgment of the court below, and are consequently of opinion that the same should be affirmed.

*By the Court.*—Judgment affirmed.