Claflin vs. Robinhorst.

*By the Court.* — The judgment of the circuit court is affirmed.

## CLAFLIN vs. ROBINHORST.

EJECTMENT: EVIDENCE: SHERIFF'S DEED. *(1) Title in common source need not be shown. (2) Sheriff's deed* prima facie *evidence of title. (3–6) How grantee therein may assume burden of proof; and what he must then prove.*

1. Where both parties in ejectment claim title from the same person, no proof of *his* title is necessary.
2. Under ch. 40, Laws of 1869 (Tay. Stats., 1610, § 123), a deed duly executed, acknowledged and recorded, purporting to be made by a sheriff upon a sale in pursuance of a judgment of a court of record of this state, is *prima facie* evidence of title in the person named as grantee therein, without proof of the judgment, etc.
3. Where, however, an ejectment plaintiff, claiming under such a deed, instead of relying upon the statutory presumption in its favor, puts in evidence, to support it, the record of the judgment, the execution issued thereon, the sheriff's certificate of the sale to third persons, the assignment of such certificate to himself, and the power of attorney by virtue of which such assignment was made by one acting as agent for the purchasers, he takes upon himself the burden of showing these proceedings regular.
4. In such a case, the sheriff having filed the execution without any return of his doings thereon, and plaintiff having failed to show any publication of notice of the sale, such publication cannot be presumed, nor is it sufficiently proved by the recitals in the deed. *Woodman v. Clapp*, 21 Wis., 350, distinguished.
5. Recitals in a deed by a sheriff of what was done by his predecessor in office, are not sufficient evidence of the facts, in the absence of the statutory presumption above mentioned.
6. Where the names of purchasers at a sheriff's sale of land were affixed by a third person to a power of attorney to assign the certificate of sale, plaintiff in ejectment, claiming under a sheriff's deed to the assignee, must show that such third person had authority to affix such signatures. So *held* where the defendant was *not the judgment debtor;* but *quære,* whether the same rule would not apply in all cases.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover certain land in Manitowoc county, of which the defendant is in possession. Both parties claim title to the land under one William Bach. Plaintiff derives his title as follows: Berliner & Bruno recovered a judgment against Bach, which was duly docketed in the circuit court for Manitowoc county, November 29, 1858. Execution on such judgment, dated February 25th, was delivered to the sheriff of that county February 29, 1863, and returned to the proper clerk May 23, 1863; but it does not appear that the sheriff made any return of his doings thereon.

A certificate of the sale of the land in controversy by the sheriff to the plaintiff and five other persons, under the execution, on the 22d of May, 1865, was filed in the proper office. Four of such purchasers (the plaintiff being one of them) joined in a power of attorney to E. B. Treat, authorizing him to assign and convey their respective interests in the land described in such certificate. The names of the other two purchasers, Mcllen and Miller, were affixed to the power of attorney by one Donaldson, whose authority to do so does not appear. Treat thereupon executed an assignment of the certificate of sale, in the names of all the purchasers, to the plaintiff; and in 1865 the sheriff of Manitowoc county (the successor of him who made the sale) executed to the plaintiff a conveyance of the land in controversy. The deed is in the usual form of sheriffs' deeds on execution sales.

On the trial, plaintiff introduced certain conveyances of the land to the judgment debtor, the Berliner & Bruno judgment, and the execution issued thereon. He also offered in evidence the certificate of sale and assignment thereof, the power of attorney to Treat, and the sheriff's deed to the plaintiff; but these documents were all rejected by the court, and judgment of nonsuit was rendered against the plaintiff. This appeal is from that judgment.

Briefs were filed, by *George E. Sutherland* for the appel-

lant, and *J. D. Markham* and *H. G. & W. J. Turner* for the respondent; and there was oral argument by *David Taylor* for the appellant, and *W. F. Vilas* for the respondent.

For the appellant it was argued, 1. That the certificate of sale was good evidence. *Knowlton v. Ray*, 4 Wis., 293. 2. That the assignment of the certificate by *Claflin* and others to *Claflin* alone was in due form. The defendant in this action cannot object to the alleged defective execution of the power of attorney. It makes no difference to him whether *Claflin* alone, or *Claflin* and others, hold the deed of the premises. The recital in the acknowledgment of the power of attorney shows Donaldson to have been the attorney in fact for the parties, and hence to have had authority to sign for them. Aside from this, it is the presumption that he had such authority until the contrary is shown. 3. That the sheriff's deed ought to have been received. While it was proper enough to offer proof of all the proceedings from the judgment to the deed, *it was not necessary*. It was not requisite that the deed should recite the judgment on which the sale was had. Ch. 40, Laws of 1869. The deed follows substantially the form of that in *Vilas v. Reynolds*, 6 Wis., 218, which was held a good deed. *McKinley v. Weber*, 37 Wis., 284; *Seeley v. Manning*, id., 578. Even if the certificate of sale, assignment, and power of attorney were properly excluded, still the *prima facie* proof derived from the deed remains intact, and the plaintiff's case was complete. *Sexton v. Appleyard*, 34 Wis., 239. The recital in the sheriff's deed of the assignment by *Claflin* and others to *Claflin*, is sufficient evidence of that fact. *Woodman v. Clapp*, 21 Wis., 354.

For the respondent it was argued, 1. That plaintiff's evidence failed to show title in the judgment debtor, Bach. The effect of the tax deeds is to be determined by the law in force at the time of sale. *Woodman v. Clapp*, 21 Wis., 350. If the deeds were made under the R. S. of 1849, they were *prima facie* evidence only of the regularity of the proceedings from

Claflin vs. Robinhorst.

the valuation of the land to the execution of the deeds. And it should have been shown that the land was liable to taxation, and that it had been sold by the United States. *Smith v. Cleveland*, 17 Wis., 556. 2. That the execution was not competent evidence between the parties to this action, to prove title. It does not appear that any action was had under it by the sheriff towards the sale of the land. There is no return showing any levy or sale, and the pretended sale was made twenty-two days beyond the life of the execution offered in evidence. Tay. Stats., 1546, § 9; *Holmes v. McIndoe*, 20 Wis., 657. 3. That the certificate of sale was properly rejected. It was neither a duly certified copy of the certificate, nor the original proved in the proper manner, and hence was not evidence. Tay. Stats., 1557, § 63; *Knowlton v. Ray*, 4 Wis., 288. 4. That the assignment offered in evidence was properly rejected. No authority from two of the parties was shown for the execution of the instrument in their behalf. Moreover, the power of attorney to Treat was special, and his power to act restricted to the transfer of a joint interest in the land. He could not divide it up and sell the interest of one, leaving the others unsold. *Dodge v. Hopkins*, 14 Wis., 630. 5. That the sheriff's deed should not have been received in evidence, for the reasons above stated, and also for the reason that it did not recite, or even refer to, any judgment or order of court authorizing that sale of the property. Tay. Stats., 1564, § 97; 2 Greenl. Ev. (Redf. ed.), § 316; *Call v. Dearborn*, 21 Wis., 503.

LYON, J. The defendant claims title to the land in controversy under the judgment debtor, and in his answer admits that the latter was the owner of the land until a short time before the Berliner & Bruno judgment was docketed. The judgment debtor being the common source of title, no proof of his title was necessary. *Sexton v. Rhames*, 13 Wis., 99. Hence it is quite immaterial whether the conveyances read in

evidence for that purpose did or did not prove such title in him. They may be stricken from the case without injury to the plaintiff or benefit to the defendant.

Had the plaintiff introduced in evidence the sheriff's deed and rested his case upon it, he would doubtless have proved thereby, *prima facie*, that he had acquired the interest of the judgment debtor in the land in controversy. Laws of 1869, ch. 40 (Tay. Stats., 1610, § 123). He did not choose, however, to rely upon his deed, but attempted to prove the regularity of the proceedings preliminary thereto. By taking upon himself the burden of showing such proceedings regular, and that his deed conveyed to him the title of the judgment debtor, he relieved the defendant from the burden of showing the contrary. For it must be presumed that the plaintiff has made the best case he can for himself, and has proved all the preliminary proceedings which he deems material to his case. Hence, if the evidence offered by the plaintiff failed to show that all material steps in the proceedings preliminary to the deed were taken, or that some of them were materially irregular, or, all the proceedings being regular, if they did not authorize the sheriff to convey the land to the plaintiff, the nonsuit was proper. A kindred rule has been applied by this court to averments in pleadings. *Teetshorn v. Hull*, 30 Wis., 162; *Kellam v. Toms*, 38 id., 592. The principle seems to be, that when a statute creates a presumption of facts in favor of a party, on proof of certain other facts, and such party, instead of availing himself of the benefit thereof, attempts to prove the presumed facts, he must prove facts sufficient to constitute a cause of action, unaided by the statutory presumption.

The plaintiff, having rejected the benefit of the statutory presumption in favor of his deed, was, under the above rule, bound to show, 1. A valid judgment and execution; 2. Some proceedings under the execution during its life, looking to a sale of the land, as, for example, a levy, or publication of notice of sale (*Wood v. Colvin*, 5 Hill, 231); 3. The sale on

due notice; and 4. The due assignment to the plaintiff of the interests of all his copurchasers. Such proofs being made, the sheriff's deed would be received in evidence, and would prove the plaintiff the owner of the interest of the judgment debtor in the land in controversy.

Did the plaintiff make such proof? We think not. 1. He failed to show that anything was done during the life of the execution towards a sale of the land. It is quite true, as argued by the learned counsel for the plaintiff, that if the notice of sale required by law was published, the publication must have commenced during the life of the execution. But, for reasons already stated, we cannot presume, in the absence of proof, that such notice was published. Neither is the publication of notice of sale sufficiently proved by the recitals on the subject in the deed. *Jackson v. Shepard*, 7 Cow., 88; *Anderson v. James*, 4 Rob., 35. The case of *Woodman v. Clapp*, 21 Wis., 350, is not authority to the contrary. There the county purchased land at a tax sale, and its proper officer indorsed and transferred the certificate of sale. In due time a tax deed was executed by the county to the holder of the certificate, containing a recital of the assignment of the certificate. It was held that the county, and the original owner of the land conveyed by the tax deed, were concluded by the recital. It is plain enough that the county might be estopped by the recital in its own conveyance, or rather by the conveyance itself; but the principle upon which the estoppel extends to and binds the original owner of the land is not so apparent. Here we have no such case; for the distinction is obvious between a tax deed by a county to its own assignee of the certificate upon which the deed is executed, and a conveyance by a sheriff upon an execution sale. Besides, in the present case the conveyance was not executed by the sheriff who made the sale, and the recitals therein as to what was done by the latter is little better than hearsay testimony. Hence, we conclude that it does not sufficiently appear that any steps

were taken for the sale of the land during the life of the execution.

2. There was no proof that notice of sale was given or published as the law requires. This goes to the validity of the deed. The reasons why such notice cannot be presumed, have already been stated.

3. The power of attorney to Treat was not executed by Mellen and Miller, two of the purchasers, in person, and it does not appear that either of them authorized Donaldson to affix his signature to the instrument. Hence, the matter stands as though their names were not on the instrument, and their interest in the purchase has not been divested. The sheriff had no authority, therefore, to execute a conveyance to the plaintiff alone, but only to the plaintiff, Mellen and Miller. But it is argued that this is quite immaterial to the defendant, and there are *dicta* in some of the cases to the effect that the judgment debtor cannot be heard to say that the sheriff had executed a conveyance on an execution sale to a person not entitled thereto. We should hesitate to follow those *dicta* were the judgment debtor the defendant here; for it seems to us that they violate the elementary rule that the plaintiff in ejectment must recover upon the strength of his own title.

But, however that may be, we have seen no case which holds that a defendant in ejectment, other than the judgment debtor, may not attack the sheriff's deed on the ground that it is not executed to the purchaser at the execution sale or his assignee. The contrary doctrine runs through all the cases. Were all other preliminary proceedings regular, this infirmity in the deed would be fatal to it.

It follows from the foregoing views that the nonsuit was properly ordered.

*By the Court.* — Judgment affirmed.