## KNOX vs. PETERSON.

*Tax sales—Municipal corporations cannot purchase without express grant of power.*

1. In the sale and conveyance of land for taxes, municipal corporations have only the authority *expressly* conferred; and it must be strictly construed and pursued.

2. The city of Milwaukee was not authorized in 1852 to purchase land at a tax sale; and such a sale to it was void.

APPEAL from the Ciruit Court for *Milwaukee* County.

Ejectment, for a lot in the city of Milwaukee. Plaintiff's claim of title was based upon a tax deed executed to him as assignee of said city, Nov. 13, 1865, by the city treasurer, which recites that the land was sold to the city for delinquent taxes in 1852, &c. The circuit court refused to admit the deed in evidence, accompanied by proof that the defendant was owner and holder of the tax certificate at the time the deed was issued. Verdict and judgment for the defendant; and plaintiff appealed.

*A. C. Fraser*, for appellant.

*Brown & Pratt*, for respondent.

DIXON, C. J. In the matter of the sale and conveyance of lands for the non-payment of taxes, municipal corporations have no implied powers. They can exercise only such authority as has been expressly given by statute; and that authority must be strictly construed and pursued. The express power

conferred on a town corporation to levy taxes and sell lands for the non-payment of them, has been held not to imply or give to the corporation power to convey the land sold to the purchaser. Blackwell on Tax Titles, 448, 449, and cases there cited. Without express power given to a municipal corporation by statute to become purchaser at an authorized sale of lands for the non-payment of taxes, we are satisfied that it possesses no such power, and that a sale to it is void. We are referred to no statute, and can find none, which authorized the city of Milwaukee to become the purchaser at the time the tax sale in question in this action was made, and consequently must hold that the sale to the city, and the certificate issued thereon, and the conveyance subsequently executed to the plaintiff, were unauthorized and void.

For this reason the learned judge of the circuit court was right in rejecting the tax deed when offered in evidence, and in instructing the jury to return a verdict in favor of the defendant.

_By the Court._—Judgment affirmed.