JONES VS. WALKER.

*Amendment of answer, to set up usury : Conditions imposed.—Appealable orders.*

1. Defendant asked leave to amend his answer so as to set up usury, and leave was granted on condition of his paying the principal sum due, with legal interest; and he appealed. *Held*, that there was no abuse of discretion in requiring the payment as a condition of the amendment.

2. The order not affecting, therefore, any substantial right of defendant, and not being appealable on any other ground, the appeal is dismissed.

APPEAL from the Circuit Court for *Rock* County.

Appeal by the defendant, *Walker*, from an order permitting him, *on certain conditions*, to amend his answer so as to set up usury as a defense in an action on a note dated January 15, 1857. The amended answer also alleges the actual payment of certain sums for usurious interest, not credited on the note, nor acknowledged in the complaint, and demands that the amount thereof shall be allowed, and judgment be rendered against said defendant. The conditions imposed, and other facts, are stated in the opinion.

*Todd & Converse*, for the appellant, contended that both by chap. 55, Laws of 1856, and chap. 160, Laws of 1859, the party asking relief on the ground of usury is required only to pay the *principal*, without any interest. 11 Wis., 89; *Lee v. Peckham*, 17 id., 383; *Dole v. Northrop*, 19 id., 249. Usury is made a legal defense by the statute, and should be treated like every other legal defense. *Grant v. McCaughin*, 4 How. Pr. 216; *Brown v. Mitchell*, 12 id., 408; *Catlin v. Gunter*, 1 Kern., 368; 4 Denio, 264. 3. The order requires appellant to pay the unpaid principal and interest as a condition of the amendment, without giving him any right to prove payment of $213.29, or have the same allowed. Here is a marked distinction between this case and *Dole v. Northrop*.

*R. H. Mills*, for respondent, to the point that the order was not appealable, cited *Rowley v. Van Benthuysen*, 16 Wend., 369; *St. John v. West*, 4 How. Pr., 329; *Burhans v. Tibbits*, 7 id., 78; *Tallman v. Hinman*, 10 id., 90; *Lord v. Vandenburgh*, 15 id., 365; *Union Bank v. Mott*, 19 id., 271; *Foshay v. Drost*, 4 Bosw., 664; *Gale v. Vernon*, 4 Sandf., 709; *Jacobs v. Marshall*, 6 Duer, 689; *Fort v. Bard*, 1 N. Y., 43; *Briggs v. Vandenburgh*, 22 id., 467; *Cruger v. Douglass*, 8 Barb., 81; How. N. Y. Code, 537; 2 Til. and Sh. Pr., 978. 2. To the point that the conditions were properly imposed, he cited *Newman v. Kershaw*, 10 Wis., 333; *Matteson v. Curtis*, 14 id., 436; *Dole v. Northrop*, 19 id., 249; *Fay v. Lovejoy*, 20 id., 403; 1 Story's Eq. Jur., pp. 77 et seq., 333–4.

PAINE, J. This was an action on a note signed by Love, Otis & Co., and by the defendant. The latter served an answer, setting up that he was an accommodation maker, having signed as surety merely for Love, Otis & Co., and that he had been discharged by an extension of the time to the principal debtors. While the action was thus pending, he applied for leave to amend his answer so as to set up the defense of usury. The court granted leave, but upon the terms that the defendant should pay into the court the unpaid principal of the note, with interest at seven per cent. The defendant appealed from the whole order, though he desires a reversal only of that part imposing terms.

It is objected by the respondent that the order is not appealable; and in answer the appellant cites *Dole v. Northrop*, 19 Wis., 249. In that case an order allowing an amendment so as to set up usury was held to be appealable, though the grounds upon which it is so held are not stated. It is a familiar doctrine, that where a party is not entitled to amend of course, but is obliged to ask leave of the court,

the application for such leave is addressed to the discretion of the court. It is also familiar, that orders resting in the discretion of the court below to make or refuse, are not reviewable by appeal. But it is further held that when, in such cases, the court abuses its discretion, its action will be reviewed. And this is not inconsistent with the former proposition; because, when the court abuses its discretion, it goes beyond any discretionary powers that were entrusted to it, and it cannot be said that the order was within its discretion. *Sheldon v. Adams,* 27 How. Pr., 183.

It has also been held that orders allowing new defenses to be set up, are appealable by the party against whom they are made, upon the ground that they affect a substantial right, and involve the merits, etc. *Harrington v. Slade,* 22 Barb., 164: *St. John et al. v. Croel et al.,* 10 How. Pr., 257.

But in this case the party appeals from an order in his own favor. So far as he is concerned, the order must be considered as a discretionary order. He had allowed his time for answering to expire, and had served an answer not containing the defense of usury. He had no longer any legal right to set up that defense. If he obtained it at all, it could only be by applying to the court, which in its discretion might grant him leave in furtherance of justice. There would seem to be, therefore, no ground for sustaining an appeal by the party so applying, except that the court had abused its discretion in refusing the order or in imposing terms. Certainly he ought not to be allowed to appeal from that part of the order which was in his own favor and granted the very right which he asked.

If, therefore, the order in this case was an abuse of discretion, we think the appeal should be sustained, and the order reversed. But if it was not an abuse of discretion, then, instead of affirming the order, the appeal should be dismissed.

Was the order an abuse of discretion? It imposed upon

the party the duty of paying into court the amount equit-ably due on the note, as a condition to the right of amend-ment.   This was only requiring what courts of equity have always required as a condition of aiding a party against usury.   It has long been settled that such terms are just. Therefore it is difficult to say that it is an abuse of discre-tion to require a compliance with them.   In truth there are many cases, and perhaps a majority, that would warrant a refusal to allow such an amendment upon any terms.   See *Bates v. Voorhees,* 7 How. Pr., 234, and the cases cited in the opinion.   There are other cases containing intimations that no discrimination should be made in respect to allowing an amendment setting up usury, so long as the statute makes it a legal defense.   I fully concur with this view of the ques-tion, and with the remarks of Judge HARRIS in *Bates v. Voor-hees.*   So long as the law makes it a defense, it should be allowed to be made upon just terms, as well as any other defense.   But it has not been determined that the same terms should be imposed in all cases, or that it would not be just to require the payment of the principal and legal inter-est as a condition of amending so as to set up usury.   Cer-tainly the case of *Catlin v. Gunter,* 1 Kernan, 368, which is cited, did not so decide.   That was not a case of amendment, but a case of variance between the usury proved and that alleged.   And the question was, whether, as it did not appear that the other party had been misled, the variance should be disregarded under the positive provision of the statute to that effect.   The court held that it should, and that as the statute was positive and applicable to all actions, they were not authorized to refuse to apply it in that action, although it related to a defense of usury.   Their general statement, that they were " not warranted in applying a different rule to the defense of usury from that which they would hold applicable in other cases," relates only to the

statute there in question. This clearly appears from the language immediately following. The court says: "The defendant, in seeking to avail himself of the evidence notwithstanding the variance, *did not claim an indulgence from the court,* but simply asked for the application of those rules which the legislature has provided for all cases indiscriminately," etc. This clearly implies that in cases where the party does "ask an indulgence from the court," and there is no statute controlling its action, it might make discriminations dependent on the nature of the defense, and impose different terms on letting in an unconscionable defense from what would be required to let in one more favored by the law.

There can be no doubt that a distinction between such defenses as usury and the statute of limitations, and other defenses, has been firmly established by the authorities, in respect to questions arising where the party asks a favor of the court. If such a distinction ought not to exist, the legislature should correct it. But until the legislature shall interpose, we do not think it can be called an abuse of discretion for a court to require the payment of the principal and legal interest as a condition of letting in the defense of usury as a matter of favor.

The order required the defendant to pay into court "the unpaid principal," etc. The appellant's counsel assumed that this required him to pay in all that appeared to be unpaid by the complaint. But we should not so construe the order. On the contrary, we should understand it to mean that he should pay all that appeared by his own showing to be unpaid. That which the party admits to be due, is what he is required to pay as a condition to the favor asked.

As we have come to the conclusion that there was no

abuse of discretion in the order, as before stated, the appeal must be dismissed, with costs.

*By the Court.*—Ordered accordingly.