## FOGARTY V. HORRIGAN.

*Amendment of complaint, to set up statute of limitations.*

1. On the first day to which a cause in justice's court was adjourned after issue joined, an amendment to the answer was allowed, and, after a second adjournment for trial, a further amendment, setting up the *statute of limitations*, was refused. *Held*, no abuse of discretion.

2. On such an application, the court may properly consider the character of the defense proposed to be set up; and a defense founded upon the statute of limitations is not favored.

APPEAL from the Circuit Court for *Washington* County.

Action commenced in justice's court, for a trespass to plaintiff's close. Defendant first answered by a general denial, and procured an adjournment for one week. On the adjourned day, he amended his answer by setting up an express license from plaintiff to do the acts complained of, and also alleging that he and plaintiff were tenants in common of said close at the time laid. On defendant's application and affidavit, a further adjournment for eight days was granted. On the second adjourned day, defendant applied for leave to further amend his answer by setting up the statute of limitations. The motion was denied, on the ground that the defense proposed was an unconscionable one. After hearing the proofs, the justice rendered judgment for plaintiff for $10.00 damages, besides costs. On appeal to the circuit court, the justice's judgment was affirmed; and the defendant appealed to this court.

*H. H. Blanchard* and *I. N. Frisby*, for appellant, as to the right of amendment so as to secure substantial justice, cited R. S., ch. 120, sec. 46, subd. 11; and to the point that it was error to refuse the proposed amendment on the ground that the defense therein set up was an unconscionable one, they cited *Pritchard v. Howell*, 1 Wis., 136–38 : *Union Nat. Bk. v. Bassett*, 3 Abb. Pr. R. (N. S.), 359; *Beardsley v. Stover*, 7 How. Pr. R., 294; *Troy and B. R. R. Co. v. Tibbits*, 11 id., 170; *Union Bk. v. Mott*, 19 id., 267; *Van Ness v. Bush*, 22 id., 481; *Harrington v. Slade*, 22 Barb.,

Fogarty vs. Horrigan.

161 ; *N. Y. Ice Co. v. N. W. Ins. Co.*, 23 N. Y., 357; also 18 Abb. P. R., 407 ; 8 Cow., 615; 41 Barb., 54, 57 ; 40 id., 659.

*Frisby & Weil*, for respondent, cited *Haleagan v. Golden*, 1 Wend., 302 ; *Jackson v. Varick*, 2 id., 294 ; *Wolcott v. McFarlan*, 6 Hill, 227 ; *Lovett v. Cowman*, id., 223 ; *Bates v. Voorhies*, 7 How. Pr. R., 234; *McQueen v. Babcock*, 22 id., 229 ; *Jones v. Walker*, 22 Wis., 220.

COLE, J. We fully agree with the circuit judge in the opinion that there was no abuse of discretion on the part of the justice in refusing to allow the defendant further to amend his answer by pleading the statute of limitations. The defendant was permitted to amend his answer on the adjourned day. On the second adjourned day, when the parties were about to proceed to trial, the defendant again asked to amend so as to set up that defense. After the issues had thus been made up, it certainly was no abuse of discretion to refuse to let the defendant further amend his answer to enable him to set up what is sometimes denominated a hard and unconscionable defense. It is claimed that all defenses stand upon the same ground, and that no distinction should be made between the statute of limitations, usury, and other defenses. But there obviously must be some limit to the power of amendment ; and where the application was addressed, as in this case, to the discretion of the justice, if that discretion has not been improperly exercised, the decision should not be disturbed. Besides, this court has been disposed to uphold a distinction between such defenses as usury and the statute of limitations and other defenses, and has said that where a party asks an indulgence of the court, and there is no statute controlling its action, it might make discriminations dependent on the nature of the defense. *Jones v. Walker*, 22 Wis., 220 ; *Dole v. Northrop*, 19 id., 249 ; and *Weber v. Zeimet*, 27 id., 685.

Here the defendant had ample opportunity for setting up his defense, and was even permitted to amend his answer on the

adjourned day. And we think, under the circumstances, the justice very properly denied him leave to further amend on the second adjourned day, to set up the proposed defense.

*By the Court.*— The judgment of the circuit court is affirmed.