SPRAGUE vs. CŒNEN and others.

TAX SALE.—*Invalidity of deed.*—*Strict construction.*

1. Where land was sold for taxes of 1857 *after* they had in fact been paid the deed based upon such sale was invalid ; and the statute of limitations then in force as to tax deeds (R. S., 1849, ch. 15, sec. 123,) did not run in favor of the grantee, cases in which the tax had been paid before the sale being expressly excepted therefrom.

2. The statutory authority of a county (or other municipality) to purchase land at a tax sale must be strictly pursued, and must be confined to the express provisions of the statute conferring the power ; and there being no authority for the county to purchase *jointly* with another person, a tax deed from which it appears that the land was sold (in 1865 for taxes of 1864) to the county *and* E. S., is void upon its face.

3. Where the treasurer's notice of the sale of land for taxes (of 1866) described the land as the " south *quarter* of the east half " of a certain tract, and the land was assessed, returned, sold and conveyed as the " south *half* of the east half" of said tract, the sale was invalid. So *held* in a case where three years had not elapsed since the recording of the deed.

APPEAL from the Circuit Court for *Brown* County.

Action of ejectment for the recovery of certain real estate set forth in the complaint. Complaint in the usual form. Answer, general denial and averment that defendants were owners in fee of the premises. The action was tried before the court without a jury, the court finding for plaintiff, from which

defendants appealed. The facts are sufficiently stated in the opinion.

*Hudd & Wigman,* for appellants.

*Hastings & Greene, contra.*

LYON, J.    This is an action to recover the possession of the southwest quarter of the east half private land claim No. 40, on the east side of Fox river, at Green Bay. The plaintiff had judgment and the defendants appealed.

The objections taken upon the trial to the admission of the documentary testimony introduced by the plaintiff, were very numerous. It will serve no useful purpose to discuss these objections here, as none of them present any question which is not elementary, and of course perfectly well understood by the profession. Most of them are purely technical, and in our opinion, none of them are well taken. These objections were all o erruled by the circuit court, and the offered documents were read in evidence. We think that the court ruled correctly.

The history of the title of the land in controversy, is as follows: By virtue of an act of Congress, approved February 21st, 1823, (U. S. Statutes at large, vol. 3, p. 725,) a tract of land on the east side of Fox river, containing 640 acres, was confirmed by the commissioners mentioned in said act, to one Joseph Hoult. The confirmation bears date October 31st, 1823. Am. State Papers, vol. 4, p. 710. The action of the commissioners was duly ratified and confirmed by an act of Congress, approved April 17th, 1828, (4 Statutes at large, 260,) and pursuant to the above acts, the claim thus confirmed to Hoult was duly surveyed and platted, and was designated as "private claim No. 40, east side of Fox river," and a patent therefor was duly issued to "Joseph Ool *alias* Hoult," by the United States, dated December 21st, 1829. After the passage of the act of 1828, and before such survey, Joseph Hoult conveyed the southwesterly half of the land thus confirmed to him, to H. B. Brevort; and after such survey, but before the patent was issued,

said Hoult conveyed the remaining half of his said claim to Louis Rouse. Rouse subsequently conveyed the same land to the said H. B. Brevort. On the 13th day of July, 1840, Brevort conveyed to E. P. Seymour the east half of the south half of said lot No. 40, (which includes the land in controversy in this action,) and Seymour subsequently conveyed the same to Fisk, who conveyed to the plaintiff. The plaintiff was thus the absolute owner of such land when this action was commenced, unless his title had, in some manner, become divested.

The defendants claim to be the owners of such land by virtue of two tax deeds thereof, issued to Edson Sherwood on sales for taxes of 1857 and 1864 respectively; and of another tax deed for the taxes of 1866, made to Casper Yasper; and of conveyances from the said grantees in such tax deeds to them. We are therefore brought to consider the validity and effect of these tax deeds.

1. Before the sale of the land for the unpaid taxes of 1857, the same were paid to the treasurer of Brown County, by Mr. Fisk, who then owned the land. This is conclusively shown by the receipt therefor of the said treasurer, which was read in evidence. Such payments invalidate the tax deed issued upon the sales for those taxes. The statute of limitations in force when such sale was made, is not applicable to this case, because it expressly excepts from its operation cases where the taxes have been paid. R. S. of 1849, ch. 15, sec. 123.

2. The tax deed for the taxes of 1864, which was recorded less than three years before this action was commenced, is void on its face, in that it appears from the deed itself that the land was sold by the county treasurer to the county of Brown *and* Edson Sherwood. This could have been no other than a *joint* sale, and it was entirely unauthorized by law. A county is only authorized to purchase lands at a tax sale after the same have been twice offered at public sale and remain unsold; (Laws of 1859, ch. 22, sec. 9,) and it is not then authorized to purchase the same jointly with an individual. The authority

of the county (or any municipality,) to purchase land at a tax sale must be strictly pursued, and must be confined to the express provisions of the statute conferring the power, or the sale will be void. *Knox v. Peterson*, 21 Wis., 247. Here we find no law authorizing such joint purchase, and we must therefore hold that the tax deed issued upon the sale of 1865, for the taxes of 1864, is void.

There are other objections, some of which are probably fatal to the validity of such deed, which it is not necessary to discuss or decide.

3. There is a fatal defect in the county treasurer's notice of sale of the land in controversy, for the taxes of 1866. The same was assessed, returned, sold and conveyed as the "south *half* of the east half" of private claim No. 40, while the treasurer's notice of sale describes only the "south *quarter* of the east half," of said claim. The notice failed to inform the owner and persons who might become bidders at the sale that the south *half* of the east half of the claim was to be offered at the sale. This information the law required the treasurer to give, and he failed to give it. Such failure necessarily invalidates the sale and the deed executed pursuant to the sale. This view relieves us from the necessity of examining the other objections taken to the deed.

Our conclusion is, that the finding of the court to the effect that the plaintiff was the owner in fee simple and entitled to the possession of the land described in the complaint, is correct, and that the judgment should be affirmed.

*By the Court.*— Judgment affirmed.