MEADE vs. LAWE and another.

PLEADING — AMENDMENT.  (1) *Amendment setting up statute of limitations.*
   (2) *Amendment of answer in ejectment, to set up specific title.*
EVIDENCE.  (3) *To show estoppel.*—*Parol proof of circumstances under which a deed was executed.*

1. It is entirely in the discretion of the court whether it will permit the answer in a cause to be amended so as to set up the statute of limitations.

2. In ejectment the general denial puts plaintiff's title in issue, and in such a case it was not necessary to amend by setting up a tax title in defendant.

3. Under a power of attorney from M. to L., authorizing a sale of lands of M. for such sums as should seem to L. most to M.'s advantage, L. sold and conveyed valuable land to B., his own daughter, for a consideration of one dollar. In ejectment by M. for said land, the answer alleged that the same and other lands originally belonging to L. were conveyed by him to M. without consideration, for the purpose of protecting them against L.'s creditors, and that M. at the same time executed said power of attorney to L., and that M. held the lands in trust for L., who was the real owner. At the trial M. testified that he did not know of the sale of the land to B. until several months after it was executed. *Held*,

(1.) That it was competent for defendant to ask the witness, *on cross examination*, whether he did not *authorize* the conveyance of said land to B.

(2.) That defendant would also be entitled to show by *direct* evidence that M. authorized such conveyance; since that fact would estop plaintiff from denying the validity of the conveyance.

(3.) Whether the defense should have been permitted to prove by parol that the conveyance from L. to M., and the power of attorney from M. to L., were executed under the circumstances and for the purpose averred in the answer, is not here decided.

APPEAL from the Circuit Court for *Fond du Lac* County.

This is an action for the recovery of certain lands in the county of Outagamie. The complaint is in the usual form. The answer, besides containing a general denial, is to the effect that in 1852 the defendant *Lawe*, being the owner in fee of the premises in controversy together with divers other tracts of land adjacent thereto, conveyed the whole of said lands, without consideration, to the plaintiff (who is his brother-in-law), for the sole and only purpose of protecting the property from the creditors of *Lawe*, who was then heavily in debt; that, to carry out such design, the plaintiff at the same time executed to *Lawe* a power of attorney empowering him to sell and convey, etc., all of said lands in the name of the plaintiff; that the plaintiff held the title to the lands in trust for *Lawe*,

who was the real owner thereof, and the power of attorney was given to enable *Lawe* to dispose of the lands under cover of such fraudulent deed thereof to the plaintiff; and that, by virtue of the power of attorney, in 1863, *Lawe* conveyed the premises in controversy and other lands to the defendant *Amanda T. Brothers*, who is the daughter of *Lawe*. The contents of this power of attorney will be found stated in the opinion by Mr. Justice COLE in *Meade v. Brothers*, 28 Wis., 689.

On the trial it appeared that the consideration named in the deed to *Mrs. Brothers* is one dollar, and there was no evidence that she paid any other or different consideration for the lands conveyed thereby. The defendants offered to prove the character and objects of the conveyance by *Lawe* to the plaintiff, and of the power of attorney, as alleged in the answer. They also offered to prove that the conveyance to *Mrs. Brothers* was made with the knowledge and consent of the plaintiff. The court refused to receive the offered evidence. Certain tax deeds executed to two of the defendants were also ruled out, probably upon the ground that they are void for uncertainty in the description of the lands attempted to be conveyed thereby.

Before the trial, the defendants applied to the court for leave to amend their answer so as to interpose the statute of limitations as a defense to the action; but the court denied the application.

By direction of the court the jury returned a verdict for the plaintiff, upon which judgment in due form was afterwards entered. From this judgment the defendants appealed.

*Hudd & Wigman*, for appellants, to the point that the court erred in rejecting the evidence offered to show that plaintiff assented to and directed the making of the conveyance made to *Amanda T. Brothers*, cited 2 Wis., 322; 10 id., 396, 443; 12 id., 466; 12 Wall. (U. S.), 681; 9 Wis., 129; 6 id., 106; 18 id., 608. To the point that neither a court of law nor one of equity would aid either party to an unlawful and fraudulent agreement in avoiding or disturbing such parts of it as

have been executed, or in compelling a performance of such parts as are still executory, they cited *Nellis v. Clark*, 20 Wend., 24; 15 id., 412; 4 Pick., 314; 11 Wheat., 258; 4 Pet., 184; 3 Paige, 157; *Smith v. Hubbs*, 1 Fairf. (Me.), 71; 4 Hill, 424; 52 Barb., 283; 3 Dev., 519; 1 Hen. & Mun., 32; 4 Rand., 375; 2 Litt., 8–12; 3 Dana, 540; 9 id., 318; 7 B. Mon., 583; 3 Eng., 82; 5 id., 53; 21 Ark., 249; 2 Burr., 926; Chitty on Con., 214; Broom's Leg. Max., 325, 567, 572; Story on Agency, § 195; 1 Selw. N. P., 90; 1 Livermore on Agency, 14–19; *Fargo v. Ladd*, 6 Wis., 106. And to the point that a party defending on such a ground may make proof of the facts (which must needs be by parol), they cited 20 Wend., 37, and 2 Moak's Eng. R., 350.

*Hastings & Greene*, for respondents, argued that defendants could not attack the conveyance from *Lawe* to *Meade* on the ground that it was made to defraud creditors. (1.) Such conveyance was good as to all persons except creditors and *bona fide* purchasers. *Jones v. Lake*, 2 Wis., 210; *Eaton v. White*, id., 292; *La Crosse & Mil. R. R. Co. v. Seeger*, 4 id., 268–272; *Waterbury v. Westervelt*, 9 N. Y., 598; *Remington v. Bailey*, 13 Wis., 332–335; *Clapp v. Tirrell*, 20 Pick., 247; *Randall v. Howard*, 2 Black, 585; *Osborne v. Moss*, 7 Johns., 161; *Jackson v. Garnsey*, 16 id., 189; *Hawes v. Leader*, Cro. Jac., 270; *Drinkwater v. Drinkwater*, 4 Mass., 354; *Fairbanks v. Blackington*, 9 Pick., 93; and especially *Clemens v. Clemens*, 28 Wis., 637. (2.) No trust arises from a conveyance in fraud of creditors, in favor of the fraudulent grantor and against the grantee and his heirs. *Inhabitants of Canton v. Dorchester*, 8 Cush., 525–527; *Bartlett v. Bartlett*, 14 Gray, 277; *Titcomb v. Morrill*, 10 Allen, 15; *Jackson v. Garnsey*, 16 Johns., 189–192. (3.) Parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor, unless there was fraud in procuring the deed, or accident or mistake in its execution. *Rasdall's Adm'r v. Rasdall*, 9 Wis., 379; *Bird v. Morrison*, 12 id., 138, 147, 152; *Sweet v. Mitchell*, 15

id., 641; *Lantry v. Lantry*, 2 Am. Rep., 310; *Ratliff v. Ellis*, 2 Iowa, 59. (4.) The written power of attorney cannot be contradicted by parol. 1 Greenl. Ev., § 281; *Cooper v. Tappan*, 4 Wis., 362–369; *Spofford v. Hobbs*, 29 Me., 148. This rule excludes all evidence of intention, express or implied. 1 Greenl. Ev., § 282a. In *Fargo v. Ladd*, 6 Wis., 106, the controversy was not over the title to the land, but whether Isaac Fargo was estopped by his acts from claiming the *proceeds* of property which he had voluntarily conveyed away for Lyman's benefit. If the doctrine of that case goes far enough to admit of evidence to show a trust, it has been overruled by the subsequent cases in this court above cited. (5.) The consideration expressed in the conveyance from *Lawe* to *Meade* is $3,200. It cannot be contradicted for the purpose of defeating the instrument. *Whiting v. Gould*, 2 Wis., 552–582; *Grout v. Townsend*, 2 Hill, 554; *Randall v. Phillips*, 3 Mason, 378. 2. Defendant's offer to prove " that *all the sales* of this property were made by *Lawe* with the knowledge of *Meade*," was properly rejected. The only question at issue was as to the validity of a single conveyance — that made to *Amanda T. Brothers*. Evidence as to any other sale was certainly irrelevant; and where the evidence offered includes matters not admissible, the whole may be rejected. *Hosley v. Black*, 28 N. Y., 438, 444, 445. Again, *Lawe's* authority to *convey* the property was contained in the written power of attorney. No knowledge or assent of *Meade* to a conveyance by *Lawe* as his attorney, not authorized by that instrument, can be shown by parol, or, if shown, could make such conveyance valid. *Spofford v. Hobbs*, 29 Me., 148. Authority to an agent to execute a conveyance of real estate cannot be given by parol. There is no pretense that there ever was a sale of this property to *Amanda* — that she ever paid or agreed to pay anything for it. If it can be sustained at all, it must be as a gift; and the power of attorney does not authorize *Lawe* to convey the property as a gift. *Meade v. Brothers*, 28 Wis., 689. Counsel fur-

ther contended that the evidence in the case showed that there had been no delivery and acceptance of the deed, or at least not until *after* the revocation by *Meade* of *Lawe's* power of attorney, and repudiation of all his acts not authorized by the written power; and that in this state of facts proof of *Meade's* parol assent to the execution of the conveyance would have been immaterial. The placing of a deed on record by the grantor without the grantee's knowledge and direction is not a delivery of it, and does not place it beyond the grantor's control so that he cannot recall or revoke it at any time before delivery and acceptance. *Maynard v. Maynard,* 10 Mass., 456-458; *Sampson v. Thornton,* 3 Met., 275-280; *Day v. Griffith,* 15 Iowa, 104; *Corbett v. Norcross,* 35 N. H., 110.

Lyon, J.   I. It was not error to refuse to permit the defendants to amend their answer, and plead the statute of limitations as a defense. It was entirely in the discretion of the circuit court to refuse or allow the amendment. This court so held in *Fogarty v. Horrigan,* 28 Wis., 142 ; and in *Eldred v. The Oconto Company,* 30 id., 206.

The proposed amendment is to the effect, 1st. That the defendants will insist on the statute of limitations as a bar to the action ; and 2d. That the title of the plaintiff to the premises in controversy has been divested by certain tax deeds thereof made and recorded more than three years before this action was commenced, and that during said three years the premises were not occupied by the plaintiff. Under the present answer the defendants can, doubtless, show title out of the plaintiff. The general denial puts the plaintiff's title in issue, and the answer alleges substantially that *Mrs. Brothers* has been in possession thereof since 1863. But it is unnecessary to pursue this subject further.

II. On the trial, the plaintiff was a witness in his own behalf, and gave testimony tending to show that he had no knowledge of the conveyance to *Mrs. Brothers* until several

months after the same was executed. There was also read in evidence on the part of the plaintiff a conveyance of another portion of the lands described in the power of attorney, executed by the defendant *Lawe* to his son, and the plaintiff testified concerning the value of the land described therein. An objection was sustained by the court to the following question put to the plaintiff on his cross examination : " Did you not authorize that conveyance to be made by *Geo. W. Lawe ?* " It is understood that the conveyance here referred to is the one executed by the defendant *Lawe* to *Mrs. Brothers.* The objection was, that the testimony sought to be elicited is immaterial and incompetent. The defendants also at the proper time proposed to prove by a witness on the stand, " that all the sales of this property were made by *George W. Lawe* with the knowledge and assent of the plaintiff." This is understood to relate to the sales to *Mrs. Brothers* and to the son of the defendant *Lawe* before mentioned, as those seem to be the only sales referred to in the testimony. The offered testimony was objected to on behalf of the plaintiff as immaterial, and the circuit court sustained the objection.

We are of the opinion that these rulings are erroneous. The question put to the plaintiff was a proper cross examination. He had testified concerning the time when he first knew of the conveyance to *Mrs. Brothers*, and this interrogatory was pertinent to that subject. But we perceive no good reason why the interrogatory, and the offered testimony, should not have been admitted on the merits. If the conveyance to *Mrs. Brothers* was made with the knowledge and consent and by the express authority of the plaintiff, it seems almost too clear for argument that the plaintiff is thereby estopped from denying the validity of such conveyance. But the defendants were not permitted to prove these facts. We are at a loss to understand the grounds upon which the offered testimony was rejected. For this error there must be a new trial.

III. As to the tax deeds ruled out by the circuit court.

These seem to purport to convey the premises in controversy, but each of them contains exceptions, and in the absence of any plats we are unable to say whether or not the said premises are included in the exceptions. It is impossible, therefore, for us to decide the question of their admissibility.

IV. There is some testimony tending to show that the deed to *Mrs. Brothers* was never delivered to her, and it is probable that it should have been submitted to the jury to find how the fact is. It is likely, however, that if the deed was delivered to her, evidence of the fact will be produced when the cause is again tried.

V. We forbear to express an opinion on the question whether the defendants should have been permitted to prove by parol evidence that the conveyance from *Lawe* to the plaintiff, and the power of attorney, were given under the circumstances and for the purposes and objects stated in the answer. This is an important question, and it is quite doubtful how it should be determined. Indeed we do not feel prepared to determine it without further argument and consideration.

This controversy ought to be settled amicably by the parties to it. They are relatives; neither of them asserts any very strong equities; and the final result of the litigation is too doubtful to make it either wise or profitable to proceed farther with it.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial awarded.