## CAPRON vs. THE SUPERVISORS OF ADAMS COUNTY. (Three Cases.)

INVALID TAX SALES: STATUTE OF LIMITATIONS. *(1, 2) Plea of statute by county favored. (3) Quære as to absolute effect of statute. (4) Who may sue on invalid tax certificate.*
CONSOLIDATION OF ACTIONS. *(5) Effect of stipulation.*

\

1. In view of the statutory provision for including in subsequent tax rolls taxes justly chargeable upon lands, where the county has been compelled to refund moneys paid it on invalid sales of the lands for such taxes (Tay. Stats., ch. 18, §§ 180 et seq.), purchasers at such sales should be required to exercise diligence in enforcing their claims; and the county should have the benefit of the statute of limitations in such cases, even where, as between individuals, the defense would not be favored.

2. On appeal from the disallowance by the county board of a claim for moneys paid on such sales, after the county had answered the statute of limitations as to a part only of the certificates sued upon, it was error to refuse it leave to file an amended answer setting up the same defense as to all the certificates.

3. Whether sec. 1, ch. 112 of 1867, as amended by ch. 56 of 1868, *absolutely prohibits*, after the lapse of six years from an invalid tax sale, any action to recover moneys paid thereon, and annihilates the remedy as to such sale, *quære.*

4. The assignee of an invalid tax certificate may recover thereon since as well as before ch. 68 of 1870; but without a written assignment at least in blank (sec. 54, ch. 22 of 1859), only the person to whom it is issued can recover upon it.

5. Where, by consent of parties, in open court, an order was made that three causes (between the same parties) "be consolidated for the purposes of trial and appeal, but such consolidation not to affect the question of costs," there should have been but *one finding and one judgment.*

APPEALS from the Circuit Court for *Adams* County.

In October, 1874, plaintiff filed in the county clerk's office in said county a verified statement of his claim against the county for the several amounts of illegal tax certificates issued by it upon sales of various years, from 1857 to 1863, both inclusive, and for interest on the amounts from the several dates of sale to November 15, 1874. The county board, at its meeting in the month last named, allowed the claim as to several of the certificates, but rejected the greater part, without written statement of the grounds of such rejection. Plaintiff appealed from the disallowance; and the county filed an answer in the circuit court, which, after a general denial, set up the six-years limitation as to certain designated certificates, of the years 1857 to 1860, that defense not being made as to other certificates of the same years. The cause not being reached for trial at the March term, 1875, defendant, at the opening of the next term, in October, 1875, asked leave to amend the answer by pleading the statute of limitations as to *all* the certificates. The motion was denied, and the action continued to the March term, 1876. Two other actions of the same char-

acter, between the same parties, and which had had a similar history, were pending at that term; and, by consent of parties in open court, an order was entered that the three actions " be consolidated for the purposes of trial and appeal; but such consolidation not to affect the question of costs, but such costs to be taxed by the prevailing party in the same manner as though this order had not been made."

The actions were then tried by the court alone. All the certificates, when offered in evidence, were objected to, on the grounds that they were barred by the statute, and that they did not appear to have been issued to the plaintiff, and therefore he could not sue upon them. A large part of them were also objected to on the ground that there was no assignment by the county or individual to which or to whom they were issued. These objections were overruled.

The court found as facts, in each case separately, that the sales were all irregular, and that more than six years had elapsed between the sales and the commencement of the action; and it held the sales all void, the action barred as to the certificates as to which the statute was pleaded, and the plaintiff entitled to recover the amount of the other certificates, with interest and costs; and three several judgments were rendered accordingly, from which the defendant appealed.

For the appellant, there was a brief by *S. W. Pierce* and *P. G. Stroud*, and oral argument by *Mr. Stroud*. They contended, 1. That as the statute absolutely prohibits the commencement of any action on illegal tax certificates after the expiration of six years from the day of sale, with certain exceptions, and as it appeared from the complaints that more than that period had elapsed between the last of the sales there named and the commencement of the actions, while there were no averments bringing them within the exceptions, the complaints failed to state a cause of action, and the objection to the admission of any evidence under them, being equivalent to a demurrer on that ground *(Rothe v. Rothe*, 31 Wis., 570;

*Hays v. Lewis*, 17 id., 210), should have been sustained. 1 Van Santv. Pl., 268–9, 688; *Howell v. Howell*, 15 Wis., 55; *Eaton v. Supervisors*, 40 id., 668. The statute does not affect the remedy merely, but destroys the right. *Brown v. Parker*, 28 Wis., 21. 2. That the amendment of the answer, setting up the statute as to all the certificates, should have been allowed. R. S., ch. 125, sec. 38; *Tarbox v. Supervisors*, 34 Wis., 558; *Kennedy v. Waugh*, 23 id., 468; *Meade v. Lawe*, 32 id., 261; *Rogers v. Wright*, 21 id., 681; *Gilchrist v. Gilchrist*, 44 How. Pr., 317; *Sheldon v. Adams*, 41 Barb., 54; 4 Wait's Pr., 652. 3. That as no written pleadings were required in the action, defendant might for that reason avail itself of the statute by objection to evidence. *Heath v. Heath*, 31 Wis., 223, 228. 4. That plaintiff could not maintain an action on certificates issued to other persons, and not assigned by them in writing indorsed or attached. Sec. 14, ch. 22, Laws of 1859. 5. That there should have been but one finding and one judgment, under the order consolidating the causes. Til. & Shearm. Pr., 283.

The cause was submitted for the respondent on the brief of *O. B. Lapham*. He contended that the proposed amendment of the answer was properly denied *(Fogarty v. Horrigan*, 28 Wis., 142; *Eldred v. Oconto Co.*, 30 id., 206); or at least its admission was entirely within the discretion of the court. *Meade v. Lawe*, 32 Wis., 261. 2. That defendant could not take advantage of the statute by a mere objection to evidence. R. S., ch. 138, sec. 1; *Tarbox v. Adams Co.*, 34 Wis., 558. 3. That a chose in action may be assigned by mere delivery for a valuable consideration (1 Parsons on Con., 195, note (p), and 197, note (e); 1 Tif. & Sm. N. Y. Pr., 154), and possession is *prima fucie* evidence of title, good against one who cannot show a better right. *Roebke v. Andrews*, 26 Wis., 311; *Bates v. Campbell*, 25 id., 615; *Wausau Boom Co. v. Plumer*, 35 id., 275. A valid assignment under the statute may be in blank, and the assignee may sue. Laws of 1859,

ch. 22, sec. 22; *Norton v. Rock Co.*, 13 Wis., 611. 4. That the order of consolidation was understood as referring to the trial only, and not to the judgment.

Cole, J. I. The stipulation entered into by the parties in open court effectually consolidated these causes, and they should have been tried as one, which would have resulted, of course, in one finding and one judgment. In no other way could full effect be given to the stipulation and to the order entered upon it. It is true, the stipulation provided that the consolidation should not affect the question of costs, but that the costs might be taxed by the prevailing party in the same manner as though the order had not been made. It is not necessary to determine precisely what was intended by the clause in respect to costs; but certainly, for the purposes of trial and judgment, the actions were consolidated into one, and should have been so treated. The three separate findings and judgments were therefore, under the circumstances, irregular and erroneous.

II. We are inclined to hold that there was an abuse of discretion on the part of the circuit court in refusing to permit the defendant to amend its answer by setting up the statute of limitations as to all the tax certificates. In this regard the case, we think, stands upon somewhat different grounds from an action between individuals. As between individuals we have held that there was no abuse of discretion in refusing to allow the defendant to amend his answer by pleading the statute of limitations (*Fogarty v. Horrigan*, 28 Wis., 142; *Eldred v. Oconto Co.*, 30 id., 206; *Meade v. Lawe*, 32 id., 262), placing this defense upon the same ground as that of usury, which is often denominated an unconscionable one. But, as was observed by Dixon, C. J., in *Orton v. Noonan*, 25 Wis., 676, there should be some discrimination upon the subject, and much depends on the nature of the action. Where the action is against a county, founded upon stale tax certificates,

if leave to amend the answer by setting up the statute is asked, we think it should be granted on suitable terms. In the case before us, the tax certificates were presented to the county board at their annual session in 1874; the board allowed a part, and disallowed a part, but did not state in writing the ground of disallowance. The plaintiff appealed to the circuit court from the decision of the board disallowing the portion of his claim. No written complaint, however, was filed, the verified account being treated as the complaint, as was done in *Tarbox v. The Sup'rs of Adams Co.*, 34 Wis., 558. The defendant answered, (1) the general denial; and (2) the statute of limitations as to part of the plaintiff's claim. Subsequently the defendant asked leave to file an amended answer setting up the statute of limitations as to all of the certificates, which was objected to by the plaintiff on the ground that it would be an abuse of discretion to allow the amendment, and the objection was sustained. We have already said that this was error, and that the amendment should have been allowed. *Baker v. Sup'rs Columbia Co.*, 39 Wis., 444. There are very cogent reasons for requiring diligence in enforcing claims against counties founded on void tax certificates, because provision is made in certain cases for including the taxes justly chargeable upon the land in subsequent tax rolls, so that the county may recover the money it has been obliged to refund. See Tay. Stats., ch. 18, §§ 180 et seq. The county, therefore, should have the benefit of the statute whenever it seeks to avail itself of it, even though as between individuals the defense is not one to be favored.

It was claimed by the learned counsel for the county, that an action on the tax certificates was absolutely barred and prohibited by sec. 1, ch. 112, Laws of 1867, as amended by ch. 56, Laws of 1868. The language of the statute, he says, is negative and prohibitive, that "no action either at law or in equity shall be commenced on such certificate after the expiration of six years from the said day of sale," with certain ex-

ceptions. The statute, it is claimed, entirely destroys the remedy after the lapse of six years from the sale, and amounts to a positive prohibition of the commencement of an action after that time. In the cases which have come before this court, it has been assumed, rather than directly decided, that the statutes of 1867 and 1868 were statutes of limitation, the same in character as the general statute upon that subject, and that like rules of pleading applied in both cases. *Barden v Sup'rs of Columbia Co.*, 33 Wis., 445; *Tarbox v. Sup'rs of Adams Co., supra; Baker v. Sup'rs Columbia Co., supra; Eaton v. Sup'rs Manitowoc Co.*, 40 id., 668; *Mead v. Sup'rs Chippewa Co.*, 41 id., 205; *Marsh v. Sup'rs St. Croix Co.*, 42 id., 356. The phraseology of the statute was not, however, commented on to see if it afforded any ground for distinction between it and the general statute of limitation, or not. The position of counsel that these statutes annihilate the remedy after six years, and positively prohibit the action, is neither affirmed nor denied in this case. That question is purposely left open, to be considered when it shall arise.

III. Some of the tax certificates in question were neither issued nor assigned to the plaintiff, and upon principle there could be no recovery upon them. The certificates should at least be assigned by the purchaser writing his name in blank on the back thereof, as provided in sec. 54, ch. 22, Laws of 1859, in order to enable the holder to maintain the action. It is true, in the amendment to sec. 26 of that chapter (ch. 68, Laws of 1870), the word "assignee" has been dropped. But still we have held, in the case of *Hyde, Adm'r, v. Sup'rs of Kenosha Co. [ante,* p. 129], that an assignee might recover upon the certificate when properly assigned to him.

*By the Court.* — The judgments in the above cases are reversed, and the causes are remanded for further proceedings according to law.