Smith vs. Todd.

Smith vs. Todd.

*September 19 — October 10, 1882.*

RECORDS OF TAX SALES, etc. *(1) Knowledge by county clerk presumed.*
TAX CERTIFICATES. *(2) Assignment by assignee must be indorsed or attached.*
TAX DEED. *(3) Void unless authorized by statute: Owner of land may question validity.*

1. Where the records of the county treasurer show the sale of certain lands for taxes, the issuance of a certificate thereof to the county, and that the county treasurer thereafter assigned such certificate by indorsing the same in blank, the county clerk must be presumed to have had knowledge of such records and the facts therein stated when he subsequently executed a tax deed of such lands.

2. Under sec. 1140, R. S. (secs. 14, 54, ch. 22, Laws of 1859), which provides that a tax certificate "may be assigned by the purchaser by writing his name in blank on the back thereof, and by the county treasurer or county clerk in like manner with his official character added, or any person's interest therein may be transferred by a written assignment indorsed upon or attached to the same," the county clerk has no authority to issue a tax deed to the second assignee of a tax certificate whose assignment is not indorsed thereon or attached thereto. *State v. Winn,* 19 Wis., 304; *Horn v. Garry,* 49 id., 464.

3. Unless authority for its execution is given by statute a tax deed is void, and the original owner of the lands sold for taxes may question the pretended authority by which it is sought to divest him of title.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The answer alleged title in the defendant by virtue of a tax deed issued September 24, 1881, based upon the sale of the lands for taxes and a certificate thereof duly issued, May 11, 1875. The tax deed so described was offered and received in evidence at the trial. The defendant also offered in evidence an assignment to him from one Henry Sherry, dated June 20, 1881, of the certificate of the sale upon which the tax deed issued. This assignment covered a large number of other certificates and was not attached to

any certificate and was never filed in the office of the county clerk, but was executed, attested and acknowledged as the law requires deeds to be.    It was admitted against the plaintiff's objection.    Other evidence will sufficiently appear from the opinion.    There was a verdict for the defendant, and from the judgment entered thereon, the plaintiff appealed.

*James Freeman*, for the appellant.

For the respondent there was a brief by *George W. Todd, in propria persona*, with *Moses Hooper*, of counsel, and oral argument by *Mr. Hooper*.  They argued, among other things: 1. It was not necessary that the assignment should be attached to the certificate.    Sec. 1140, R. S., evidently contemplates several forms of assignment.    By indorsement in blank in the case of the original purchaser; or by brief written assignment upon or annexed to the certificate, in which case no special formalities are required; and by a more formal instrument sealed, attested and acknowledged, which the statute authorizes to be recorded with the same effect as a deed.    Such assignments could not conveniently be indorsed on or annexed to a certificate; and there is no reason for their being so annexed.    The statute is in form merely permissive, and this is not a case in which may means must.    9 Wis., 309; 21 id., 317.    2. The assignment was in the form prescribed by sec. 2203, R. S.    The general words of that section cannot be limited by construction.    *Harrington v. Smith*, 28 Wis., 43, 60; *Encking v. Simmons*, id., 272; *Chase v. Whiting*, 30 id., 544; *Woodbury v. Shackleford*, 19 id., 55; 5 Md., 505, 533; 3 Johns. Ch., 142.    The ownership of tax certificates is an interest in land, and the assignment was therefore good " without any other act or ceremony whatever," unless sec. 1140 is held to conflict with and control sec. 2203.    But if there is a conflict sec. 2203 should prevail, under subd. 14, sec. 4972, R. S.    Sec. 1140 is in the chapter relating to taxation; sec. 2203 is in the chapter relating to conveyance of lands and interests therein; and the

Smith vs. Todd.

question at issue is upon the form of a conveyance of an interest in lands. There is, however, no conflict between these sections. Sec. 1140 is not, by its terms, exclusive; and the incorporation of one exception into sec. 2203 negatives the idea that there are other exceptions not so incorporated. The sections will, if possible, be so construed that both may stand. *Taylor v. Brown*, 1 Wis., 513; *Storm v. Cotzhausen*, 38 id., 139; *Battis v. Hamlin*, 22 id., 669; *Harrington v. Smith*, 28 id., 43; *Dillingham v. Fisher*, 5 id., 475; *Calkins v. Harvey*, 13 id., 370; *Thompson v. Bulson*, 78 Ill., 277; *Haynes v. Jenks*, 2 Pick., 172; *Goddard v. Boston*, 20 id., 407; *Snell v. Bridgewater*, 24 id., 296; 1 Blackst. Comm., 89, and Cooley's note 21; *Naylor v. Field*, 5 Dutch., 287; *Bowen v. Lease*, 5 Hill, 221; *McCool v. Smith*, 1 Black, 459; *Furman v. Nichol*, 3 Cold., 434; *Conley v. Calhoun*, 2 W. Va., 416; *Gage v. Currier*, 4 Pick., 399; *Ludlow v. Johnson*, 3 Ohio, 553; *Beals v. Hale*, 4 How., 37; *State v. Bishop*, 41 Mo., 16; *Dodge v. Gridley*, 10 Ohio, 173; *State v. Mayor*, 14 Ohio St., 472. This statute should be so construed as to uphold, and not defeat, the general power of owners of tax certificates to sell and assign them as they sell and assign other interests in land. Statutes in derogation of common rights must be strictly construed. *Smith v. Spooner*, 3 Pick., 230; *Sewall v. Jones*, 9 id., 412; *Esterley's Appeal*, 54 Pa. St., 192. Public policy requires that sec. 1140 should be held to enlarge rather than restrain the power of alienation of tax certificates. The state is interested in making the collection of taxes as simple, certain and efficient as possible. Needless formalities and restrictions upon alienation of certificates should be avoided for this reason. Such restrictions do not in any way benefit the land owner, or lessen his burdens. 3. The plaintiff is not in a position to question the ownership of the certificates. This is of consequence only to the county and the claimants of the certificates. The plaintiff is in no way prejudiced.

ORTON, J.   It appears from the records of the county treasurer that the premises in question were bid off by and duly sold for taxes, and a certificate thereof issued to the county of Winnebago, May 11, 1875, and that the county treasurer thereafter, on the 25th day of September, 1875, sold said certificates to one Henry Sherry, and as evidence and an assignment thereof to him indorsed the same in blank.   It must be presumed that the county clerk had knowledge of such records and the facts therein stated when he issued and executed the tax deed of said premises to the defendant on which he relies in this suit as evidence of his title.   It appears in evidence that said Henry Sherry, on the 20th day of June, 1881, made a written assignment to the defendant of a large number of tax certificates, including those in question, and that thereafter, on the 24th day of September, 1881, the county clerk issued and executed to the defendant said tax deed as the assignee thereof, and that no assignment thereof to the defendant had ever been "indorsed upon or attached to said certificates."   The question involving the validity of this tax deed is of the authority of the county clerk to issue or execute it to the defendant, and this must be determined solely by construction of the statute in relation to the assignment of tax certificates; and, notwithstanding the able and plausible argument of the learned counsel of the respondent, we must regard the question as settled by previous decisions of this court.

In *State v. Winn*, 19 Wis., 304, the question was directly involved whether the county clerk was required to issue a tax deed to the grantee of a quitclaim deed from the first assignee of the tax certificates by an assignment in blank from the county, treating the quitclaim deed as an assignment thereof, but which was, of course, not indorsed thereon or attached thereto, and this required a construction of the two provisions relating to such assignments found in secs. 14 and 54, ch. 22, Laws of 1859.   The first provision is as follows:

" Which certificate shall be assignable, and any person's interest therein may be transferred by a written assignment indorsed upon or attached to the same;" and the second provision is: " And the same may be assigned by the purchaser writing his name in blank on the back thereof, and by the county treasurer in like manner, with his official character added." Both of these provisions, so far they have any bearing upon this question, are put together and remain the same in sec. 1140, R. S. It was held in that case that the county clerk was not required to issue the tax deed to such last assignee, because his assignment was not on or attached to the certificates. This decision is exactly in point as authority in this case, unless overruled. By such a construction, it must be admitted, it is difficult, if not impossible, to divine what was the object or intention of the legislature in allowing the first purchaser to assign by indorsement in blank, unless it was to allow the certificate afterwards to pass from hand to hand without further assignment. But with that construction it is equally difficult to divine what was the object in requiring all subsequent assignments written out in full to be indorsed upon or attached to the certificate. One or the other of these provisions ought to be repealed, for it appears to be in conflict with the other, and worse than useless. This court did the best it could in finding a reason for the law, which was that the county clerk should preserve in his office his authority for issuing the deed, both for his own protection and for the protection of all persons interested in the title.

In *Horn v. Garry*, 49 Wis., 464, Mr. Justice TAYLOR enters into a fuller construction of the statute, on review of previous cases, in which the question had arisen either directly or incidentally, and treated the question as settled that a tax certificate is not assignable by mere delivery, but requires an instrument in writing indorsed thereon or attached thereto. See, also, *Cupron v. Supervisors*, 43 Wis.,

613; *Eaton v. Supervisors*, 44 Wis., 490; *Kruger v. Supervisors*, id.; 605. These provisions are special, and made solely to apply to the assignment of tax certificates, and must be held an exception rather than repugnant to the general law relating to conveyances of land in sec. 2203, R. S. *Mead v. Bagnall*, 15 Wis., 156; *Western Bank of Scotland v. Tallman*, 17 Wis., 530. "If the provisions of different chapters of the revised statutes conflict with or contravene each other, the provisions of each chapter shall prevail as to all matters and questions growing out of the subject matter of such chapter." Subd. 14, sec. 4972, R. S.

There can be no question that this tax deed, so issued and executed in violation of law, is absolutely void. Tax proceedings, by which the owner of land may be divested of his title, must be strictly in accordance with the law. The authority of the county clerk to issue a tax deed must be found in the statute, or it does not exist at all, and the deed he executes without such authority conveys no title. *Knox v. Peterson*, 21 Wis., 247; *Sprague v. Cœnen*, 30 Wis., 209. The point made by the learned counsel of the respondent, that no one is interested in the question whether the deed has been issued according to law except the county and the claimant of the certificate, is not tenable. The original owner would seem to have some interest in the question whether he shall be divested of his title, and the right to question the pretended authority by which it is sought to be done.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.