FRED L. MORRIS V. GEORGE W. BIRD *et al.*
No. 14,192.   (81 Pac. 185.)

SYLLABUS BY THE COURT.

TAXATION—*Assignment of Tax-sale Certificate—Void Deed.*
Before a county clerk is authorized to issue a tax deed to the
assignee of a tax-sale certificate the assignment must be
indorsed on the certificate or attached thereto, and a tax
deed issued to one other than the original holder of the tax-
sale certificate that does not show an assignment of the cer-
tificate to such person is void on its face.

Error from Lincoln district court; ROLLIN R. REES,
judge.  Opinion filed June 10, 1905.  Reversed.

*Daughters & Story,* and *G. M. Weeks,* for plaintiff in
error.

*F. H. Dunham,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was an action to recover the pos-
session of certain property to which the defendants
claim title under a tax deed issued to their grantor,
Etta L. Minx, which had been of record more than
five years.  The plaintiff claimed that the deed was
void on its face, but the court held otherwise and ren-
dered judgment for defendants.  Plaintiff prosecutes
error.

Several questions were argued which, because of the
views entertained by the court, need not be decided.
The controlling and decisive question is, Was the tax
deed issued by the county clerk to Etta L. Minx, the
grantor of the defendants, void on its face?  The deed,
after formally setting out all the necessary prelimina-
ries up to, and including, the issuance of the tax-sale
certificate to P. E. Moss, contains the following re-
cital:

"And whereas, the said P. E. Moss did, on the 2d
day of September, A. D. 1891, duly assign the several

certificates of the sale of the said several parcels, tracts and lots of property aforesaid, and all his rights, title and interest to said property to L. A. Biggs, and L. A. Biggs did assign ————, and the Topeka Commercial Security Company did assign to Etta Minx; and whereas, the subsequent taxes of the year 1891, and for the year 1892, and for the year 1893, amounting for each of said years, respectively, on each of said parcels, tracts and lots as hereinbefore numbered and described, as follow: On that numbered 1, for 1891, $17.47; for 1892, $9.70; for 1893, $9.45, having been paid by the assignee, as provided by law; and whereas, three years have elapsed since the date of said sale, and none of said property has been redeemed therefrom as provided by law, the said unredeemed real property having been advertised, and notice given that it would be conveyed unless redeemed by a certain day named, said advertisement and notice having been made in substantial conformity with all the requisitions of the statute in such cases made and provided."

It will be observed that the deed does not show to whom L. A. Biggs assigned the tax-sale certificate, or that he assigned it to any person. It recites that the Topeka Commercial Security Company assigned the certificate to Etta L. Minx. There is, however, no recital that the certificate had been assigned to the Topeka Commercial Security Company, or that it had any title thereto. By the provisions of section 7648 of the General Statutes of 1901 the transfer of a tax-sale certificate must be made by a written assignment indorsed upon the certificate or attached thereto before the clerk is authorized to issue a deed to the property to the person in possession of the certificate. (*Clippinger v. Tuller*, 10 Kan. 377.) The holder of a tax-sale certificate properly and regularly issued has an interest in the real estate which cannot be transferred by a mere delivery of the certificate. In order to pass such interest, under our statute, the assignment must be in writing.

In *Smith v. Todd*, 55 Wis. 459, 13 N. W. 488, the court, in passing upon a statute which provided that

Morris v. Bird.

a tax-sale certificate "may be assigned by the purchaser by writing his name in blank on the back thereof, and by the county treasurer or county clerk in like manner with his official character added, or any person's interest therein may be transferred by a written assignment indorsed upon or attached to the same," held that "the county clerk has no authority to issue a tax deed to the second assignee of a tax certificate whose assignment is not indorsed thereon or attached thereto." On page 464 the court said:

"There can be no question that the tax deed, so issued and executed in violation of law, is absolutely void. Tax proceedings, by which the owner of land may be devested of his title, must be strictly in accordance with the law. The authority of the county clerk to issue a tax deed must be found in the statute, or it does not exist at all, and the deed he executes without such authority conveys no title."

These decisions appear to cover the precise question raised by the plaintiff in error. The other errors complained of are those occurring at the trial, and they will probably not occur on a retrial of the case.

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.